(No. 13766.—Judgment affirmed.)

THE ODIN COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SAMUEL N. LANE, Defendant in Error.)

*Opinion filed April 21, 1921.*

1. WORKMEN'S COMPENSATION—*question of validity of Compensation act must be raised and passed upon in trial court.* A constitutional question as to the validity of the Compensation act must first be raised and passed upon in the trial court, and the record must show that fact before the question can be passed upon by the Supreme Court.

2. APPEALS AND ERRORS—*assignments of error must be based upon the record.* Assignments of error must be based upon the record itself, and not merely upon the argument of counsel or on the fact that the question might have been raised in the pleadings or during the trial.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J. DALLSTREAM, for plaintiff in error.

A. W. KERR, and FRED H. KRUGER, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Samuel N. Lane made application before the Industrial Commission for an award for an injury to himself received on March 11, 1918, while in the employ of plaintiff in error as a miner. The arbitrator made an award in his favor and the Industrial Commission confirmed it. On a hearing in the circuit court the proceeding was remanded to the Industrial Commission for further investigation and an award was again made in favor of Lane by the commission. On a second hearing in the circuit court the award of the Industrial Commission was confirmed, and the cause has been brought here by writ of error for review.

Lane was injured on the date in question in plaintiff in error's mine by a fall of slate from the roof, which struck him and injured his right foot, broke his right leg and caused some injury to his back. It is stipulated by the parties that they were both under the provisions of the Workmen's Compensation act at the time of the injury and that the accident arose out of and in the course of the employment. It is also agreed that notice of the accident was given to the employer within thirty days from the date of the injury, that medical aid had been furnished by the employer, and that all the compensation for the period of temporary total incapacity for work had been paid by the plaintiff in error.

The only question argued by counsel for plaintiff in error in this court is that there was no jurisdiction to make the award, and particularly that the Workmen's Compensation act violates the provisions of the State and Federal constitutions as to due process of law. The assignments of error in this court cover this question, but the record in the circuit court fails to show any ruling of that court upon the constitutional question or any request for such ruling. A constitutional question, to be passed upon by this court,

must first be raised and passed upon in the trial court, and the record must show that fact. The motion to quash the record contains no reference to a constitutional question, and nowhere in the record is any such question shown to have been raised. "If the record itself presents any question of law the parties are entitled to have it determined by the circuit court. Whether or not the Workmen's Compensation act, or any section of the same which it is claimed brings the case within its terms, is constitutional is a question of law presented by any record of the Industrial Board containing a decision awarding compensation. While this is wholly a statutory proceeding and is covered by the provisions of the act, the ordinary rules of practice and procedure will be followed upon a review of the judgment of the circuit court where they do not conflict with the express provisions of the act. It is a well settled rule that a constitutional question cannot be presented in this court for review unless it was presented to the lower court for its determination. This rule applies in cases of this kind. The record of the circuit court must disclose in some manner that such a question was presented to it for its determination before it can be raised in this court." (*Savoy Hotel Co.* v. *Industrial Board,* 279 Ill. 329.) The same conclusion was reached on a similar record in *Davis* v. *Industrial Com.* (*ante,* p. 29.) The assignments of error must be based upon the record itself and not merely upon the argument of counsel or upon the fact that the question might have been raised in the pleadings or during the trial. (*Mc-Neil & Higgins Co.* v. *Neenah Cheese Co.* 290 Ill. 449, and cases cited.) Under these authorities the validity of the Workmen's Compensation act cannot be raised in this court on this record.

The judgment of the circuit court will therefore be affirmed.                *Judgment affirmed.*