(No. 14325.—Reversed and remanded.)

THE OLD BEN COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(VINCENT JELOVICA, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*constitutional question must be raised at first opportunity.* The Supreme Court cannot, on writ of error, consider an argument attacking the constitutionality of the Compensation act where that question was not raised in the circuit court, as the review on writ of error is confined to the judgment of the court to which the writ is directed.

2. SAME—*mere reduction of ability to work does not justify an award for permanent total incapacity.* An award for permanent total incapacity for work is not justified where the most that the competent evidence tends to show is that the claimant's ability to work has been much reduced.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. C. H. MILLER, Judge, presiding.

W. H. HART, and W. W. HART, for plaintiff in error.

W. P. SEEBER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 14, 1919, the defendant in error, Vincent Jelovica, applied to the Industrial Commission for adjustment of his claim against the plaintiff in error, the Old Ben Coal Corporation, for compensation on account of an injury suffered by him in the mine of the plaintiff in error on August 23, 1919. The Industrial Commission designated an arbitrator, who heard the evidence and made a finding that the applicant was injured as alleged; that first aid, medical, surgical and hospital services had been furnished by the plaintiff in error, and that $288.10 had been

paid to the defendant in error as compensation. He made an award of $14.84 per week for 23 weeks and two days, against which the $288.10 already paid was to be credited. The applicant petitioned for review by the Industrial Commission, and upon a hearing before the commission he testified to his condition as it then was. The commission set aside the award and found that as a result of the injury the applicant was totally and permanently incapacitated for \ )rk; that first aid, medical, surgical and hospital services l. d been furnished by plaintiff in error, and that $288.10 had been paid as compensation. Based on these findings the commission made an award of $14.84 for 239 weeks, $8.04 for one week, and thereafter a pension of $26.66 per month during life, giving credit to the plaintiff in error for the compensation which had been paid. Upon a writ of *certiorari* sued out of the circuit court of Franklin county the writ was quashed and the award of the Industrial Commission confirmed.

Counsel for plaintiff in error have presented to the court an argument that the judgment should be reversed because the Workmen's Compensation act under which the award was made and which the judgment confirmed was void because in conflict with the due process clause of the fourteenth amendment to the Federal constitution, and counsel for defendant in error has submitted an argument in reply on that question. This court reviews the judgment of the court to which the writ of error was directed, and the constitutionality of the act not having been raised or passed upon by that court a review of the judgment does not involve the question. *Odin Coal Co.* v. *Industrial Com.* 297 Ill. 392.

The applicant testified that before the accident he was a strong, able-bodied man, able to lift as much as 300 pounds; that while working in the mine as a loader a crossbar struck him on the left side and knocked him down, injuring his ribs and back, and when he fell down a rock fell

302–7

on him, which he took off; that since the accident he had some pain in his left side and between his shoulders when he stooped over; that he could not sleep or lie down on his left side; that before the injury he could lift three times more than he could afterward; that he can carry a bucket of coal weighing 30 or 40 pounds into the house, and might be able to do some job in the mine where he could just stand up and would not have to bend very much; that he had to stay in bed sometimes in the daytime and could not walk very far, and was getting a little better but not much; that Dr. Sheerer treated him for his injury and Dr. Moore examined him on January 8 and each of them took X-ray pictures of him. Dr. Sheerer, who treated the applicant for his injury, testified and produced X-ray pictures taken by him, and said that on October 15, when he was discharged, he was able to return to work. On cross-examination he said there was a little scoliosis of the backbone, which is commonly called curvature of the spine, but he did not associate it with the injury and did not think it lessened the strength of the applicant. Dr. Moore, who made the examination on January 8, testified that he found nothing abnormal or defective as the result of the injury, and the X-ray picture taken by him did not show anything of that kind. On the hearing before the Industrial Commission the applicant testified that he could not perform work and was not getting any better. Ignoring the testimony of the doctors as to their examinations and opinions so far as they conflicted in any way with the testimony of the applicant, it is apparent from his testimony and the results shown by the X-ray pictures that while the ability of the applicant to work had been much reduced, there was no competent evidence upon which to base a finding of total permanent incapacity for work. For that reason the judgment of the circuit court will be reversed and the cause remanded to that court, with directions to again refer the claim to the Industrial Commission for further consideration upon the

record and any further evidence the parties may choose to present.

The judgment is reversed and the cause remanded to the circuit court for further proceedings in harmony with this opinion.   *Reversed and remanded, with directions.*