(No. 38609.—

Nollau Nurseries, Inc., Appellant, *vs.* The Industrial Commission *et al.*—(Walter J. Nollau, Appellee.)

*Opinion filed January 21, 1965.—Rehearing denied March 17, 1965.*

Thomas Q. Keefe, of East St. Louis, for appellant.

C. E. Heiligenstein, of Belleville, for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Walter J. Nollau was injured in an accident at his place of employment when his left leg slipped between a loading dock and a truck. He recovered awards by the Industrial Commission for temporary total incapacity, and also for a permanent partial loss in the use of his left foot. On review by *certiorari* the circuit court of St. Clair County affirmed, and the employer appeals. The appeal is direct to this court by virtue of Rule 28—1. Ill. Rev. Stat. 1963 (1964 Supp.) chap. 110, par. 101.28—1.

The questions relate only to the award for permanent disability. The employer contends that the operating surgeon's medical reports were improperly received in evidence, that the claimant's family physician was improperly allowed to testify to an examination made shortly before the hearing, without furnishing to the employer a copy of his findings, and that the medical testimony does not show the condition to be permanent.

The record discloses that the injury was sustained on November 22, 1960, and that on the following day the claimant went to his family physician, a Dr. Davis. A series of X rays was ordered which ultimately disclosed a small fracture at the lower end of the tibia. Medication was prescribed and the leg was bandaged. About six months later, after the claimant had returned to work, he filed his appli-

cation for adjustment of claim. He was thereafter referred, by the workmen's compensation carrier, to a Dr. McCarroll of St. Louis. He reported to that physician, who performed an operation on the leg in October, 1961. After seven or eight weeks he went back to work again. On April 13, 1962, five days prior to the hearing before the arbitrator, he again saw his family physician, Dr. Davis, and was examined by him.

The only witnesses at the hearing were the claimant and his physician Dr. Davis. Over the employer's objection the claimant was allowed to testify to what Dr. McCarroll told him after his examination, and also over objection the arbitrator admitted into evidence a medical report by that doctor. The testimony and the report were ruled admissible on the ground that the doctor was an agent of the employer, or the insurance company, and that they constituted admissions against interest. We find no error in this.

The employer also objected to testimony by Dr. Davis concerning the examination of April 13, 1962, on the ground that no copy of his report of it was furnished to the employer as required by section 12 of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, chap. 48, par. 138.12.) The objection was overruled, the arbitrator stating as his reason that Dr. Davis was the treating physician and not within the intent of the statute. The applicable provisions of section 12 read as follows: "In all cases where the examination is made by a surgeon engaged by the injured employee, and the employer has no surgeon present at such examination, it shall be the duty of the surgeon making the examination at the instance of the employee, to deliver to the employer, or his representative, a statement in writing of the condition and extent of the injury to the same extent that said surgeon reports to the employee and the same shall be an exact copy of that furnished to the employee, said copy to be furnished the employer, or his representative, as soon as practicable but not

later than 48 hours before the time the case is set for hearing. * * * If such surgeon refuses to furnish the employer with such statement to the same extent as that furnished the employee, said surgeon shall not be permitted to testify at the hearing next following said examination." The statute, it will be noted, requires a *refusal* by the surgeon before his testimony is excluded. There is nothing in this case to indicate that a request had been made for the statement, or that a continuance was sought for that purpose, and hence there could have been no refusal to furnish it. The plain requirements of the statute not having been met, it cannot render inadmissible the testimony in question.

Whether this section applies to an examining physician, only, and not to a treating physician who examines preparatory to the hearing, we do not need to decide in light of our decision that there was no refusal by the physician to furnish such statement to the employer.

The last contention is that there is nothing to show the condition of the injured left ankle and foot is a permanent one. The only evidence bearing on the issue is the response of Dr. Davis to questions by the attorney for the claimant. When first asked his opinion as to whether the condition was permanent he stated he had no opinion. The question was repeated in slightly simpler form, and the witness replied there was a "possibility" the condition is permanent. On a third try by counsel the doctor testified that "there could be" a permanent disability. The claimant contends that this testimony, when considered together with the arbitrator's observation of the injured foot, is enough to sustain the award. We agree. Considering the record as a whole we cannot say it lacks any support for the award. While the testimony of the claimant's physician was cautious and equivocal it remains uncontradicted, no testimony or other evidence whatever having been introduced by the employer. It is not the province of this court to determine

issues of fact, and the finding of the Commission should not be disturbed unless it is against the manifest weight of the evidence. (*Quaker Oats Co.* v. *Industrial Com.*, 414 Ill. 326.) Under the circumstances of this case it cannot be said that there is no evidence. to sustain the finding of permanency.

The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*