(No. 39243.—

ZION INDUSTRIES, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES GUNTHARP, Appellee.)

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

VAN DUZER, GERSHON & JORDAN, and BRUCE E. KAUFMAN, both of Chicago, (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel,) for appellant.

LIDSCHIN & PUCIN, of Waukegan, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

James Guntharp filed an application for adjustment of claim with the Industrial Commission alleging permanent back injuries as a result of a fall which occurred on the premises of his employer, Zion Industries, Inc., on September 23, 1962. The arbitrator found claimant to be completely disabled and awarded him $55 per week for 271 weeks and thereafter a lifetime pension of $150 a month

as provided by section 8(f) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(f).) This award was affirmed by the Industrial Commission on review and by the circuit court of Lake County upon *certiorari.* Direct appeal has now been prosecuted to this court in accordance. The primary questions involved are: (1) whether the claimant's present condition arose out of the September 23rd occurrence or resulted from injuries sustained prior to his employment by Zion Industries, Inc., and (2) the degree of disability.

Causation and degree of disability are essentially questions of fact to be determined by the Industrial Commission, and its findings in this regard will not be disturbed by a reviewing court unless manifestly against the weight of the evidence. (*Mechanics Universal Joint Division, Borg-Warner Corp.* v. *Industrial Com.* 21 Ill.2d 535; *Caterpillar Tractor Co.* v. *Industrial Com.* 397 Ill. 474.) We have thoroughly examined the record, and although the evidence upon these points was conflicting, there was sufficient testimony, if believed by the Industrial Commission, upon which to base its determination. It is well established that it is the function of the Commission to draw reasonable inferences and conclusions from the evidence, and we can see no reason for an extended opinion or interference with its decision in the present case.

The employer contends also that section 8(e) (17) is unconstitutional because it creates an arbitrary classification of handicapped persons. But since there is no indication that the constitutional issue was raised and passed upon in the trial court, the matter will not be considered for the first time upon review. *Odin Coal Co.* v. *Industrial Com.* 297 Ill. 392; *Old Ben Coal Corp.* v. *Industrial Com.* 302 Ill. 96.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*