(No. 39339.—

John F. Boland, Appellant, *vs.* The Industrial Commission *et al.*—(The City of Chicago, Appellee.)

*Opinion filed March 24, 1966.—Rehearing denied May 18, 1966.*

Kleiman, Cornfield & Feldman, of Chicago, (Jason Gesmer and Alton Sharpe, of counsel,) for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago, (Sydney R. Drebin and Ronald S. Cope, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

John F. Boland, an employee of the city of Chicago, filed an application for adjustment of claim under the Workmen's Compensation Act. Evidence was taken before an arbitrator, who awarded compensation for temporary total incapacity and a permanent loss of use of the right arm. This was set aside by the Industrial Commission, which found that the claimant sustained no permanent disability on account of the accident or any reduction in earn-

ing capacity for which compensation is payable. On review by the circuit court of Cook County the commission's decision was confirmed. The claimant seeks further review.

The claimant worked in the city water department. At the time in question he was assigned to duty in a gas station where gas tanks and drums of kerosene were filled and trucks loaded. On the morning of October 17, 1962, as he was rolling a 50-gallon drum of kerosene up on a ramp to be taken out to a truck for delivery, "the drum just hit a certain way and it kicked back on me and injured the right shoulder." He signed an accident report and then returned to work, noting only that his arm was sore. He continued to do his regular work until April 5, 1963, when he entered a hospital. Surgery was performed on his right arm and shoulder. On August 1 he was released from medical care and went back to work. Two months later he was classified as a permanent duty disability by city physicians and has not worked since.

It is not disputed that an accident occurred and that Boland is disabled. The sole question is one of causation. The examining physician found the condition to be one of bursitis and arthritic changes in the joints. He testified, in response to a hypothetical question, that it might or could have been caused by the accident of October 17, 1962. There is no other evidence of a connection between the two. On the other hand are the facts that the claimant continued to do the same work for several months after the accident and that his left shoulder, although not involved in the accident, shows a similar disability.

To be entitled to an award of compensation a claimant must prove not only that an accident happened but also that it was the proximate cause of the incapacity for which compensation is sought. There can be no award where his condition results from a pre-existing disease and not from an injury. (*Rittler* v. *Industrial Com.* 351 Ill. 338.) On the state of facts in the case at bar the commission could

reasonably find that Boland was suffering from a diseased condition rather than the effects of an accident. The making of inferences is the function of the Commission, whose decision will not be disturbed unless it is against the manifest weight of the evidence.

No error having been shown, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*