(No. 40188.—

GEORGE D. DATTILO, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AGOSTINO'S RESTAURANT, Appellee.)

*Opinion filed May 18, 1967.*

JAMES F. LYONS, of Chicago, for appellant.

VAN DUZER, GERSHON, JORDAN & PETERSEN, of Chicago, (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

George D. Dattilo, an employee of Agostino's Restaurant in Chicago, filed a petition for workmen's compensa-

tion. The Industrial Commission denied the application, and its decision was affirmed by the circuit court of Cook County. He comes to this court by direct appeal as allowed by our Rule 302.

It is alleged that on March 22, 1962, the claimant suffered a heart attack when he was sent to the bank to bring back a large amount of money in change for use by the restaurant. The question was whether the disability arose out of the employment. Claimant's duties were of a general nature, including butchering, buying, maintenance, storing supplies, and so on. On the day in question he went to the bank to secure a large amount of change and collapsed while lifting the bag of silver from the counter. After returning to the restaurant he drove home, saw a doctor and was taken to a hospital. Medical testimony was in conflict on the questions whether the claimant suffered a heart impairment or some other kind of disablement, and in either event whether it was related to his employment. The record shows that within two months before the incident he had consulted a physician complaining of chest and arm pains, that on January 3, 1962, an electrocardiogram had been made showing the same condition as that which appeared on the day of the alleged occurrence, and that chest pains had started the day before the occurrence. The doctor testifying on behalf of the claimant was discredited in several material respects.

It is unnecessary to recount the testimony at length or to discuss again the applicable rules of law. We have repeatedly stated that the determination of disputed questions of fact, including the nature and extent of disability as well as the matter of causal connection, is primarily a function of the Industrial Commission. Its decision will not be disturbed unless manifestly against the weight of the evidence. Examination of the record shows without doubt that the present decision is well within the scope of permissible inference.

*Judgment affirmed.*