(No. 40976.— )

ALLIS-CHALMERS MANUFACTURING COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Russell P. Hill, Appellee.)

*Opinion filed September 24, 1968.*

476

EARL S. HODGES, of Springfield, (SAMUEL C. PATTON, of counsel,) for appellant.

FRANK S. CALANDRINO, of Springfield, (ANTHONY J. MANUELE, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The respondent, Allis-Chalmers Manufacturing Company, appeals from a judgment of the circuit court of Sangamon County which upheld a decision of the Industrial Commission awarding compensation under the Workmen's Compensation Act to the claimant, Russell P. Hill, for permanent loss of use of the right arm to the extent of 35%, accrued compensation, and for necessary medical, surgical and hospital services. Respondent contends that the claimant did not prove an injury compensable under the Act; or an accidental injury, of which there were objective symptoms; and that the judgment of the circuit court of Sangamon County is contrary to the manifest weight of the evidence.

On July 9, 1964, claimant was working on a set-up when a wrench on which he was pulling slipped and caused him to fall off a platform. He testified that he suffered a jerk in his neck and pain. There is also evidence in the record that for several years prior to the date of the accident

claimant had been having neck trouble. The respondent and claimant offered conflicting medical evidence. Dr. Diller's report, received in evidence on behalf of claimant, definitely states that as a result of this injury claimant suffered permanent partial loss of use of his right arm. There is competent evidence that the claimant sustained an accidental injury of which there were objective conditions or symptoms proved, and a cervical laminectomy was performed on the claimant August 4, 1964.

Where there are conflicting medical opinions the court will not substitute its judgment for that of the Commission as to whose medical testimony is to be believed (*Frenzel Construction Co.* v. *Industrial Com.*, 31 Ill.2d 310), and we will affirm the holding of the Industrial Commission on issues of fact unless the holding is contrary to the manifest weight of the evidence. (*City of Collinsville* v. *Industrial Com.*, 36 Ill.2d 425, 428.) Having examined the record, we conclude that the holding of the Industrial Commission is not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*