(No. 41068.- )

GUARDIAN ELECTRIC MANUFACTURING COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Harry E. Cerrito, Appellee.)

*Opinion filed September 24, 1968.*

JULIAN R. WILHEIM, of Chicago, for appellant.

JACOBS AND LIEBERMAN, of Chicago, (EUGENE LIEBERMAN, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

On January 15, 1964, Harry E. Cerrito, filed an application with the Industrial Commission, alleging an injury as a result of an accident arising out of and in the course of his employment with Guardian Electric Manufacturing Company (hereinafter called Guardian). The arbitrator found that the appellee, Cerrito, did sustain injuries arising out of and in the course of his employment with Guardian and granted him an award of $53 per week for 26 weeks, the period of temporary total incapacity to work, and $53 per week for an additional 150 weeks for permanent and complete loss of 45% of the use of the right leg and the permanent and complete loss of 30% of the use of the left

leg. The claimant was awarded $1,016 for necessary medical, surgical and hospital care. The award was confirmed on review by the Industrial Commission and by the circuit court of Cook County on *certiorari*. The appellant, Guardian, has appealed directly to this court pursuant to our Rule 302(a). 36 Ill.2d 103; Ill. Rev. Stat. 1967, chap. 110A, par. 302(a).

Cerrito, the appellee, testified that on March 28, 1963, as he picked up a 35-gallon drum of soap he felt "something snap" in his back. He stated that he told his foreman of the injury and was sent to the company physician. Subsequently, that physician sent him to Dr. S. J. Shafer, who placed him in Illinois Masonic Hospital on June 3, 1963, for treatment. He stated that from the time of his injury he didn't feel well, that he had pain in his back and his hip, that his legs were numb and that he couldn't walk. Following his release from the hospital on June 17, 1963, Dr. Shafer continued to treat the appellee but shortly thereafter advised him that nothing further could be done for him and that he was able to return to work. However, the appellee further testified that his back continued to pain him and he sought help from another physician who referred him to Dr. Gerald Rabin. He stated that Dr. Rabin performed surgery on his back, but the pain has persisted and he still continues to wear a back brace.

Dr. Rabin, an orthopedic surgeon, testified that he first saw Cerrito on July 1, 1963, and that at that time Cerrito informed him that on an unspecified date in March of 1963, while the appellee was moving a 35-gallon drum, he felt "something snap in his lower back." Dr. Rabin made a diagnosis of acute sprain of the lower back and radiating sciatica, severe, down the right lower extremity, and partially down the left lower extremity. Hospitalization, traction and intensive physiotherapy were indicated according to the physician. When the claimant did not respond favorably to treatment, Dr. Rabin testified that he performed a lamin-

ectomy and spinal fusion on December 16, 1963. He stated that Cerrito made a fairly good recovery and was discharged from the hospital on December 23, 1963, but because of recurring complaints he was readmitted on December 26, 1963. He was again released on January 10, 1964, and remained under Dr. Rabin's care until September 17, 1964. There was testimony by the physician that there was atrophy of the claimant's right thigh and calf, radiating sciatica and disuse of the extremity because of pain. He testified, too, that the claimant did not walk in a normal manner. Dr. Rabin stated that Cerrito was able to perform janitorial work but recommended that he should not attempt any "heavy lifting." It was the physician's opinion that the claimant's condition had been caused by the alleged accident of March 28, 1963, and that the condition was permanent.

The appellant presented several witnesses whose testimony conflicted with the claimant's version as to how, when and where he had been injured. Later, before the commissioner assigned to hear the review, Dr. J. V. Walker appeared on behalf of the appellant and testified that he had examined the appellee on May 14, 1965. Such examination was confined to the back and lower extremities, and Dr. Walker stated that the only diagnosis he could then make was that the patient had been subject to a lumbosacral fusion because of subjective complaints. Dr. Walker further stated that his examination of the lower extremities was objectively negative and that it was his opinion on March 14, 1965, that the claimant could return to any type of work that he was capable of performing prior to the alleged accident.

The appellant, Guardian, from this asserts here that the circuit court erred in not finding that the Industrial Commission's decision was contrary to the manifest weight of the evidence. Specifically, it argues: (1) that the appellee sustained no accidental injury to his back while in the em-

ploy of the appellant, (2) that if he did receive such an injury, there was no evidence that the injury was permanent, and (3) that there was no evidence that the appellee had sustained any injury to his legs or any specific loss of their use.

The appellant's position in this is without merit. It is our firm rule that findings of the Industrial Commission will not be disturbed unless they are manifestly against the weight of the evidence presented. (*City of Collinsville* v. *Industrial Com.*, 36 Ill.2d 425, 428.) It is clear from our above recital of evidence that the finding in favor of the appellee was not without support in the record and was not contrary to the weight of the evidence presented.

The appellant's witnesses' account of the events and circumstances surrounding the appellee's accident differed from the appellee's version but such differences were questions of fact to be decided by the Industrial Commission. (*Cook County* v. *Industrial Com.*, 32 Ill.2d 181.) The determination of the nature and extent of the disability, as well as the question of causal connection, were also issues which it was the function of the Commission to resolve. (*Dattilo* v. *Industrial Com.*, 37 Ill.2d 390, 391.) We will not weigh conflicting evidence nor substitute our judgment for that of the Commission unless the findings of the Commission are clearly contrary to the manifest weight of the evidence. *Precision Connecting Rod Service* v. *Industrial Com.*, No. 40867, filed May, 1968; *Swift and Co.* v. *Industrial Com.*, 37 Ill.2d 145, 147.

Here, there was evidence that the appellee's condition was permanent and that the use of his lower extremities was affected. After reviewing the record, we believe that, although there was conflicting evidence, there is ample basis to support the decision of the Commission. (*Zion Industries, Inc.* v. *Industrial Com.*, 33 Ill.2d 314.) We cannot say that its decision was contrary to the manifest weight of the evidence.

522

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*