(No. 41137.-

TEMPCO PRODUCTS CO., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Harold Kent, Appellee.)

*Opinion filed September 24, 1968.*

GOSNELL, BENECKI & QUINDRY, of Lawrenceville, (EDWARD BENECKI, of counsel,) for appellant.

PHILIP B. BENEFIEL, of Lawrenceville, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Tempco Products Co. appeals from a judgment of the circuit court of Crawford County affirming an award of compensation to Tempco's employee, Harold Kent, by the Industrial Commission, which had affirmed an arbitrator's finding that the employee was entitled to $52 per week for 76²⁄₇ weeks as a result of his temporary total disability, plus medical, surgical and hospital expenses; that the disabling condition had not then become permanent, and that this award should not bar further hearings as to additional amounts for temporary total or permanent disability.

Kent testified he had been employed by Tempco some 13 months; that on April 13, 1964, while he was lifting a 250-280-pound roll of aluminum onto a cutting machine his co-lifter "threw his end a little bit quicker than I did, and it fouled the rollers, and it dropped down and I caught the whole weight. At the time it paralyzed me from the waist down." Although unable to work as rapidly as usual, he finished the day out and consulted a physician the following day. The doctor gave him some pain pills and suggested hospitalization which was declined. The pain increased and four or five days later Kent again saw the same doctor who then hospitalized him. He has not worked since, and testified that he now has continuous back pain, "every time I bend over and start to raise back up it feels like something is numb on the right side, and I am numb in my right leg." He also complained of pain in the back of his neck and hands, and of walking difficulties and kidney and bowel trouble.

The patient was examined or treated by four doctors, one of whom was a psychiatrist. Drs. Illyes and Ford believed the April 13 injury resulted in a herniated or ruptured disc, and Dr. Ford thought there had been a sprain of the lumbar spine and a ruptured lumbar disc with considerable functional overlay which increased the symptoms, and that Kent did have residual permanent disability. Dr. Arnold believed claimant to be suffering from a severe

neurosis and conversion reaction to which the April 13 injury was a contributing factor, and that claimant was unable to work in his present condition. Dr. Bloss diagnosed the condition as a subacute lumbosacral strain with degenertive arthritis on the sacral spine and conversion reaction. He did not believe a ruptured disc was present nor that the injury was permanent but did agree that the April 13 injury contributed to the conversion reaction and might have precipitated it.

A secretary in the Illinois Veterans Commission office testified that on some date prior to June 17, 1964, claimant asked her to type a statement relating to a 1945 shrapnel injury to his back suffered by him in World War II. The statement was to be signed by a third person present when the wound was received. As typed, the statement indicated claimant had told this person that he had trouble with his back and leg since being hit and that the condition is becoming progressively worse. The statement was apparently never signed nor used, but was apparently originally intended for use in support of a claim for service-connected disability payments. While Tempco argues that Kent's statement to the secretary impeached the present claim, the force of this argument is substantially diluted by the secretary's testimony that the wording of the letter was hers, not Kent's, and that she might have urged him to make application for a service-connected disability pension based on the old wound rather than for a nonservice connected disability arising from the incident at work.

While Tempco argues that Kent did not establish a work-connected disability by a preponderance of the evidence, the rule is that we will not disturb the findings of the Commission unless contrary to the manifest weight of the evidence. (*Owens-Illinois Glass Co.* v. *Industrial Com.*, 39 Ill.2d 312; *Shell Oil Co.* v. *Industrial Com.*, 38 Ill.2d 286; *Swift and Co.* v. *Industrial Com.*, 37 Ill.2d 145; *Field Enterprises* v. *Industrial Com.*, 37 Ill.2d 335; *Dattilo* v. *In-*

*dustrial Com.,* 37 Ill.2d 390.) Such, in our opinion, is not the case here.

The judgment of the circuit court of Crawford County is affirmed.

*Judgment affirmed.*