(No. 41689.—

KEYSTONE STEEL & WIRE COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Edward W. Johnson, Appellee.)

*Opinion filed March 27, 1969.*

274

SWAIN, JOHNSON & GARD, of Peoria, (Tim Swain II, of counsel,) for appellant.

ELMO E. KOOS, of Peoria, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The Industrial Commission confirmed a finding by an arbitrator that the appellee, Edward W. Johnson, had sustained in the course of employment a permanent and com-

plete loss of use of his left foot and right leg and was entitled to an award for complete and total disability. (See Ill. Rev. Stat. 1967, ch. 48, par. 138.8(e)18.) The circuit court of Peoria County affirmed the action of the Commission. The appellant contends that the judgment of the Peoria Circuit Court was erroneous, in that (1) the evidence does not warrant a finding that the employee's condition was a permanent one and that he was completely disabled; (2) it was improperly prohibited from inquiring into the basis of an examining physician's opinion; and (3) a medical record of an examining physician was improperly received in evidence.

The appellee, Edward W. Johnson, was working on February 7, 1964, as a wire drawer for Keystone Steel & Wire Company (Keystone). While operating a drawing machine his left foot was caught between a length of wire and the block or spool around which the wire was being wrapped and it appears that a part of his left heel was severed by the wire. He was taken to St. Francis hospital for treatment.

After a month and a half of treatment, a cross-leg pedicle graft was made by Dr. Robert Richardson on the heel portion of the appellee's left foot from the calf of his right leg. This required the joining of the left heel with the right calf in a cast for about five weeks. Then the cast was removed and the left foot and the right calf were separated and bandaged. Subsequently two more grafts were made. It appears that in the course of the implant or graft and the immobilization by the cast the appellee suffered a peroneal nerve injury which caused a "complete foot drop" of his right leg. He was sent to the rehabilitation center at St. Francis Hospital for whirlpool baths, electric shock treatment and exercising of his legs. About two weeks before his release from the hospital he was fitted with short braces for both legs which he continues to wear. After about five months of hospital confinement he was given additional

treatment as an out-patient for another two months. However, his re-admission to the hospital was required and surgery was again performed on his left foot. He stayed in the hospital for three weeks and following his release continued under the care of Dr. Richardson until May 22, 1965, when Dr. Richardson released him to return to work.

The appellee was unable to resume his former work and was assigned as a gate attendant at a plant construction site to check construction workers in and out of Keystone's plant. This work did require some standing, he testified, but he was able to sit most of the time while performing his duties. He further testified that he must wear the leg braces all the time and is unable to walk without them. The appellee continued to work regularly as a gate checker until September of 1966, excepting during a strike from February to May of 1966. He has not worked since September of 1966 when the job of checking construction workers was terminated.

The appellant's contention that the finding of the arbitrator and the Commission that the appellee was permanently and completely disabled was contrary to the manifest weight of the evidence must fail.

The appellee and two physicians, one on behalf of the appellant and one on behalf of the appellee, testified at the hearing before the arbitrator. The appellee and medical witnesses offered by the appellant testified before the Commission on review. The record shows that these medical witnesses were in disagreement regarding the extent of the appellee's injuries. The appellee testified that he could not walk without the braces and that he was unable to perform his duties as a wire drawer.

It is primarily the function of the Industrial Commission to determine the nature and extent of an injured employee's disability. (*Guardian Electric Manufacturing Co.* v. *Industrial Com.*, 40 Ill.2d 518, 521; *Dattilo* v. *Industrial Com.*, 37 Ill.2d 390, 391; *Zion Industries, Inc.* v. *Industrial Com.*,

33 Ill.2d 314, 315.) It is also within the Commission's province to draw reasonable inferences and conclusions from competent evidence, both direct and circumstantial and to resolve conflicts in evidence. (*General Motors Corp.* v. *Industrial Com.*, 32 Ill.2d 35, 38; *Republic Steel Corp.* v. *Industrial Com.*, 26 Ill.2d 32, 43.) The function of this court is to consider whether findings of the Commission are contrary to the manifest weight of the evidence. (*Gould* v. *Industrial Com.*, 40 Ill.2d 548, 552.) Here the Commission and the arbitrator heard the testimony of the appellee and the testimony of the medical witnesses offered at the respective hearings. When there is conflicting medical opinions this court will not substitute its judgment for that of the Commission regarding whose medical testimony will be believed unless the determination is clearly contrary to the manifest weight of the evidence. (*Allis-Chalmers Manufacturing Co.* v. *Industrial Com.*, 40 Ill.2d 475, 477; *American Rivet Co.* v. *Industrial Com.*, 34 Ill.2d 69, 71.) We cannot say that the Commission's finding is against the manifest weight of the evidence. See *Douglass and Co.* v. *Industrial Com.*, 35 Ill.2d 100, 105; and *Overland Construction Co.* v. *Industrial Com.*, 37 Ill.2d 525, 531.

The appellant urges that the arbitrator committed reversible error when he refused to allow Dr. Hugh Cooper, an appellant's medical witness, to testify to the basis of his opinion regarding the permanency of the appellee's injuries. Dr. Cooper had not treated the appellee but had examined him at the request of the appellant. The witness testified at the hearing before the arbitrator and, also, at the hearing before the Commission.

It is generally proper to inquire of an expert witness, on direct as well as cross-examination, the basis of his opinion given in response to a hypothetical question. (See *Chicago and Northwestern Railway Co.* v. *Town of Cicero*, 154 Ill. 656; 58 Am. Jur. Witnesses § 837; 4 Busch, Law and Tactics in Jury Trials § 477 ( Encyc. Ed. 1961); 4 Cal-

laghan's Illinois Evidence § 771.) The arbitrator should have overruled the objection to the appellant's question regarding the basis of Dr. Cooper's opinion. However, under the circumstances any prejudice that might have been caused by the arbitrator's refusal to allow the appellant to inquire as to the basis of Dr. Cooper's opinion was made harmless when Dr. Cooper testified at the hearing before the Commission. There the appellant again questioned the witness concerning his medical opinion. The appellant's examination was not limited in any way by the Commission. Any prejudice from the arbitrator's restraint was removed at the hearing before the Commission when the witness was permitted to testify without limitation as to his opinion.

The appellant also complains that error was committed by the arbitrator in allowing the appellee to introduce in evidence, over its objection, the medical report of Dr. Robert Sutton, who examined the appellee at the request of the appellant. Dr. Sutton did not furnish treatment to the appellant nor did he testify.

Having reviewed the report concerned, we are of the opinion that the admission of the report into evidence was proper under this court's decision in *Nollau Nurseries, Inc. v. Industrial Com.*, 32 Ill.2d 190. In *Nollau*, a doctor to whom the claimant had been referred by the workmen's compensation carrier performed surgery on the claimant but did not testify at the hearing. A report prepared by the physician had been received in evidence by the arbitrator, over the employer's objection. We held the arbitrator correctly ruled the report admissible on the ground that the doctor was an agent of the employer, or the insurance company, and that the report constituted an admission against interest. 32 Ill.2d at 192.

The appellant, without offering supporting authority, seeks to distinguish *Nollau* on the ground that the doctor there was a treating physician, whereas here, the employer's physician, Dr. Sutton, had examined the appellee for the

purpose of becoming able to testify as to the appellee's condition. A distinction between a treating and non-treating physician is found in the holdings which admit in evidence declarations of an injured person as to his bodily condition, and the cause thereof, only when made to his treating physician. See, *e.g., Jensen* v. *Elgin, Joliet and Eastern Railway Co.,* 24 Ill.2d 383, 389; *Shell Oil Co.* v. *Industrial Com.,* 2 Ill.2d 590, 602; *Greinke* v. *Chicago City Railway Co.,* 234 Ill. 564, 570, 571, 572; *National Malleable and Steel Castings Co.* v. *Industrial Com.,* 377 Ill. 169, 176. However, our statement in *Nollau* was not limited to treating physicians and we perceive no ground to limit it, especially in this case which involves basically a report of the physician's objective findings. We deem that the statement was properly admissible as an admission against interest by the appellant. We judge, too, that the appellant's claim that the medical report was materially altered by the appellee is without merit. The appellee simply underlined the words "him a complete foot drop on the right side" in Dr. Sutton's report and placed a check mark at the end of a sentence.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*