425 F.2d 24
 Mayer and Anne SLADEN, Parents and Next Best Friends of
Robin Sladen, a Minor, and as Individuals in their
own behalf, Plaintiffs-Appellants,
v.
GIRLTOWN, INC., a Foreign Corporation organized under the
laws of the State of Massachusetts, and E.I. du Pont de
Nemours and Company, a Delaware Corporation, and other
unknown Corporations or Individuals, Defendants-Appellees.
 No. 17616.
 United States Court of Appeals, Seventh Circuit.
 March 20, 1970.
 
 David Spagat, Chicago, Ill., for appellants.
 Frank F. Fowle, William E. Kelly, Mitchell S. Goldgehn, Joseph B. Lederleitner, Chicago, Ill., for appellees.
 Before CASTLE, Senior Circuit Judge, and KILEY and KERNER, Circuit judges.
 KERNER, Circuit Judge.
 
 
 1
 Plaintiffs filed suit against the defendants under 28 U.S.C. 1332 seeking damages for injuries suffered by their daughter Robin. The district court granted summary judgment for the defendants two years after the suit was filed and from this judgment plaintiffs appeal.
 
 
 2
 Robin, the 9-year-old daughter of the plaintiffs, suffered severe burns when her clothing, particularly her blouse which contained a Girltown label, caught fire. At the time of the incident, Robin was reaching for some candy which she believed was located in a cabinet above the gas stove. One burner of the stove was lit upon which sat a pot of potatoes. Plaintiffs claim that the blouse burst into a ball of flame when it was exposed to the heat of the stove.
 
 
 3
 Two issues are presented in this appeal: the effect of a report by a testing company on the court's decision to grant summary judgment, and the denial by the court without a hearing of various interrogatories directed to the defendant, Girltown, Inc.
 
 
 4
 Under Rule 34 of the Federal Rules of Civil Procedure defendants sought to have the various garments tested to determine their flammability. However, plaintiffs' attorney did not produce the garments because he stated that he wanted to test them first. After plaintiffs' attorney had not produced any tests of the garments, the court ordered the plaintiffs' attorney to have them tested. Tests were performed by a company selected by the plaintiffs, and the tests showed that the garments did not violate the Federal Standards as to flammability. Defendants on the basis of this report moved for summary judgment claiming that the test report was a party admission by the plaintiffs that the materials were not flammable as charged. In response to the motion, plaintiffs' attorney introduced the affidavit of Robin's father who said that no more than a minute after the clothing caught fire he saw his daughter in a 'ball of flames.' The district court granted summary judgment for the defendants on the basis of the testing report which the court treated as an admission of the plaintiffs that this clothing was no more flammable than any other garments.
 
 
 5
 We find that the court improperly ordered the plaintiffs to test the clothing. Only Rule 35 of the F.R.Civ.P. gives the district court authority to order examinations and these concern the mental and physical health of a party. Rule 34 gives authority for the court to have objects produced on a showing of good cause in order that the moving party may have it tested. While here plaintiffs sought to test the garments first, their failure to do so would have permitted the court to order them produced for testing by the defendants but did not justify the court's ordering of a test by the plaintiffs.
 
 
 6
 Further, we find that the court improperly construed the results of the test as an admission by the plaintiff. A statement by a third person may only be considered as an admission against a party if there is an agency relation, the scope of which includes the making of such statement. See IV Wigmore 1069-70. In selecting a testing firm and submitting the clothing for testing as ordered by the court, plaintiffs did not appoint the testing company as their agent such that the results announced by the company would be binding on them.
 
 
 7
 Defendants rely on Nollau Nurseries, Inc. v. Industrial Commission, 32 Ill.2d 190, 204 N.E.2d 745 (1965), where the Illinois Supreme Court found that the report of a doctor to whom the employee was sent by the workmen's compensation carrier was admissible as an admission of the employer because the doctor was an agent of the employer. See also Keystone Steel & Wire Co. v. Industrial Commission, 42 Ill.2d 273, 246 N.E.2d 228 (1969). In workmen's compensation cases, the employer sends the injured party, after he has filed a claim, to a doctor whom he knows is reliable. In so doing, the employer appoints the doctor as his agent and agrees to be bound by the agent's statements. Here defendants have failed to show that the plaintiffs in selecting the testing company had any knowledge of its reliability or had investigated any possible lack of objectivity in the company's testing procedures. Under such circumstances we cannot say that the plaintiffs have appointed the testing company as their agent to bind them by the results of the report and we find that the district court erred in construing the report as an admission by the plaintiffs.
 
 
 8
 Under Rule 56(c) of the F.R.Civ.P. the testing report may not be considered on a motion for summary judgment unless it is an admission or is embodied in an affidavit. We have already concluded that the report is not an admission and there is no argument that it is part of an affidavit. Therefore, the district court improperly considered the report an admission in the motion for summary judgment. Without such report a sufficient issue as to the flammability of the garments exists; therefore summary judgment should not have been granted.
 
 
 9
 Plaintiffs also complain that the defendant Girltown should have been directed to answer various interrogatories. We agree with the plaintiffs that many of the interrogatories are relevant and the district court should hold a hearing to determine which ones should be answered.
 
 
 10
 For the foregoing reasons, this cause is reversed and remanded to the district court for further proceedings.
 
 
 11
 Reversed and remanded.
 
 
 12
 CASTLE, Senior Circuit Judge, concurs in the result reached in the above opinion but would distinguish Nollau Nurseries, Inc. v. Industrial Commission, 32 Ill.2d 190, 204 N.E.2d 745 and Keystone Steel & Wire Co. v. Industrial Commission, 42 Ill.2d 273, 246 N.E.2d 228, on the basis that the reports there involved were voluntarily procured by the employer and were not the coerced product of an improper court order.