## EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* MacMAHON.

1. DISCOVERY—BOOKS AND RECORDS—PREPARATION FOR TRIAL.

Any party to a law action or chancery suit may make application for the production of books and papers in order to prepare for trial (Court Rule No 40 [1945]).

2. EVIDENCE—VITAL PAPERS—JURISDICTION.

Issuance of a court order which would place vital papers in a chancery suit beyond the jurisdiction of the court and thus deny a party the right to a *subpoena duces tecum* was error (Court Rule No 40 [1945]).

3. INSURANCE—CHANGE OF BENEFICIARY—EVIDENCE—EXAMINATION BY EXPERT OUT OF THE JURISDICTION.

Issuance of court order directing that questioned change of beneficiary document be transmitted to Canada for examination by an expert was error in insurer's interpleader suit where such document was a vital paper in the suit and obedience to the order would place the exhibit beyond the power of the court to regain it.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 6, 1949. (Docket No. 18, Calendar No. 44,352.) Decided June 6, 1949.

Interpleader by Equitable Life Assurance Society of the United States against Frederick Joseph Mac-Mahon and others to determine rights of defendants in proceeds of insurance policy. Order requiring to produce purported request for change of beneficiary

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 17 Am Jur, Discovery, § 4; 20 Am Jur, Evidence, § 917.
[2] 58 Am Jur, Witnesses, § 20 *et seq.*

to Toronto office.   Defendant Anna Jane Healy appeals.   Reversed.

*Donald P. Schuur,* for defendant Healy.

*Levin, Levin, Garvett & Dill (Earlmont H. Dill* and *Harry M. Nayer,* of counsel), for defendants MacMahon.

Sharpe, C. J.   The Equitable Life Assurance Society of the United States filed a bill of complaint in the chancery court of Wayne county seeking a determination as to who is entitled to the proceeds of an insurance policy issued to Frederick J. Mac-Mahon.

The bill of complaint alleges that in 1928 Frederick J. MacMahon made application to plaintiff company for a policy of life insurance in the amount of $5,000 payable to his children, Frederick Joseph, Hugh Keswick and Maureen Margaret MacMahon, in equal shares with right to change the beneficiary or assign the policy reserved to him.   The application was approved and the policy issued.   In 1942, the policy lapsed for nonpayment of a premium and after foreclosure of a loan outstanding against the policy the balance of the total cash value was applied to the purchase of extended term insurance in the amount of $3,238.33.   On or about November 23, 1943, Frederick J. MacMahon wrote to plaintiff insurance company stating that he desired to change the beneficiaries named in said policy and requested forms for that purpose.   On November 30, 1943, plaintiff company mailed to Frederick J. MacMahon its form for change of beneficiary together with a letter explaining its requirements and stating, among other things, that "the form should be signed in ink and should be free from alterations or erasures," and that the change of beneficiary would

become effective "only when indorsed on the policy." On November 29, 1944, plaintiff received at its home office the policy together with a request for change of beneficiary executed on its form naming defendant Anna Jane Healy as the proposed beneficiary. The application for change of beneficiary was dated December 6, 1943, and bore evidence that certain writing had been erased, and that the name of the proposed beneficiary and the words "no relationship" had been written over the erasure with a different pen and ink from that used for the signature. On December 6, 1944, plaintiff company wrote Frederick J. MacMahon that the request for change of beneficiary was not acceptable and enclosed another form to be executed by him.

On or about January 4, 1945, plaintiff company received notice from a Detroit lawyer that Frederick J. MacMahon had died on December 4, 1944. The letter requested forms for presentation of a claim on said policy. On September 24, 1945, defendant Anna Jane Healy commenced an action at law on said policy in the circuit court of Wayne county. Plaintiff company, being unable to determine whether the MacMahons, named as beneficiaries in the insurance policy, or Anna Jane Healy, who claims to be the latest beneficiary, is entitled to the proceeds of the insurance policy, filed its bill of interpleader to have a court determination of this issue.

The claimed beneficiaries filed answers to the bill of interpleader and on November 6, 1946, a decree was entered providing that plaintiff pay into court the sum of $3,238.33; and that upon making such payment the insurance company be dismissed as a party to the cause. The money was paid to the clerk of the court on November 6, 1946. On April 30, 1947, defendants MacMahon filed a petition for an order to produce the change of beneficiary document in Toronto, Canada, for examination setting forth

that they desired the document to be examined by an expert at Toronto. The reason given was that it was not practical for the expert to bring his large and bulky apparatus to the State of Michigan to perform certain tests. An affidavit in opposition to the above petition for transmission of the document to Canada for examination was filed on May 26, 1947, in behalf of Anna Jane Healy, a claimant of the proceeds of the insurance policy.

On May 26, 1947, the trial court entered its order requiring the document to be sent to Toronto, Canada, for examination, testing and analysis. Leave to appeal from said order having been granted by the Supreme Court, Anna Jane Healy urges that the mentioned order amounts to and constitutes an abuse of discretion on the part of the trial court.

In the trial of the issues involved, the application for insurance by Frederick J. MacMahon, the insurance policy and the so-called change of beneficiary would of necessity be exhibits and should be under the control of the court so that they could be produced for inspection and identification. Under Court Rule No 40 (1945), any party to a law action or chancery suit may make application for the production of books and papers in order to prepare for trial of the cause. The order issued by the trial court in the case at bar would place vital papers beyond the jurisdiction of the court and thus deny to appellant the right to a *subpoena duces tecum.* In our opinion it was error to issue an order that would place such possible exhibits beyond the power of the court to regain them.

The order of the trial court is reversed, with costs to appellant.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.