HERMAN CANTER, Respondent, *v.* AMERICAN CYANIMID COMPANY, Appellant, et al., Defendants.

Third Department, April 28, 1958.

*Lawrence E. Lagarenne* for appellant.

*Norman Kellar* for respondent.

GIBSON, J. The manufacturer of a dust vaccine intended to immunize chickens from Newcastle disease and bronchitis appeals from an order for discovery and inspection of its product, granted at plaintiff's instance. (Civ. Prac. Act, § 324; Rules Civ. Prac., rules 140, 141.)

The complaint alleges that plaintiff purchased a quantity of the vaccine which had passed in the usual trade channel from manufacturer to distributor to the retailer who supplied it to plaintiff. It is alleged that the product was defective and when administered to plaintiff's poultry flocks caused many chickens to die and many others to be so affected as to become greatly depreciated in value. The complaint charges breach of warranty, negligence and fraud on the part of manufacturer, distributor and retailer.

The vaccine purchased by plaintiff was in sealed bottles and was part of a lot designated by a particular serial number. The order appealed from directs defendant-appellant to deliver to plaintiff, for analysis, a bottle of vaccine of the same lot and serial number. The motion was opposed on the ground, which

is urged here, that a so-called expiration date of November 28, 1955 was applicable to the lot of vaccine in question, that " its present condition would not reflect the true character of the product on the date of the sale ", and that no analysis at this time would have probative value. The brief opposing affidavit was made by an attorney and the conclusory statements quoted are not supported by any averments of factual detail or of expert opinion. These omissions are of no great consequence, however, as the question as to the competency of an analysis made after the expiration date is properly for determination upon the trial. Upon comparable facts an order of discovery was granted in *Beyer* v. *Transit Development Co.* (139 App. Div. 724), against defendant's contention that an analysis of a sample of water from its wells would not constitute competent proof of the chemical content of the water at the time the cause of action arose, more than two years before.

We consider, however, that appellant should be permitted to observe the tests to be made. This we deem in the interests of justice (Rules Civ. Prac., rule 141) and consonant with the liberal practice which should obtain in pretrial procedures generally. The result may well be to confine the area of dispute to narrow limits and to resolve all the issues with greater expedition. We are unable to agree with respondent's contention that tests should be made in the presence of an adversary only when the subject of analysis is the specific article or substance with which the litigation is concerned (and thus unique and irreplaceable) and will be wholly or partially consumed or destroyed in the testing process. Safeguards, while essential in such instances, are not necessarily to be denied in all others. We do not hold that such limitations should be imposed in every case. An inflexible rule applicable in all circumstances might in some cases tend to hamper, rather than to promote, fair and expeditious procedure. In this case a basic dispute exists, far in advance of trial, as to the validity and conclusiveness of any test which may be made. It should therefore be conducted under such circumstances as may be most likely to obviate objections as to testing conditions and methods and as to the integrity of the substance tested and as will best assist the ultimate determination of its competency. (See *Manasen* v. *Chest Metal Prods.*, 194 Misc. 818.)

Respondent's principal concern, as was stated on the argument, is that his expense will be increased by reason of appellant's attendance. We perceive no reason to anticipate that result. In the event of dispute or untoward delay, either party may apply to the Special Term for directions.

The order should be modified in another respect. Appellant should be furnished reports of all tests and analyses made by respondent's experts, upon condition that it furnish to respondent reports of all tests and analyses made by it or on its behalf for the purposes of this litigation, as well as reports of any other tests or analyses as to which it may offer proof on the trial. The reasons which impelled us to encourage a similar practice as respects reports of physical examinations of parties are of equal compulsion here. (See *Rooney* v. *Colson,* 3 A D 2d 410; *Del Ra* v. *Vaughan,* 2 A D 2d 156.)

The order should be modified so as to provide (1) that plaintiff give reasonable notice to defendant American Cyanimid Company of the time and place of the tests and analyses to be made on plaintiff's behalf and (2) that plaintiff deliver to said defendant, upon its request, copies of the reports of all tests and analyses of vaccine made by or on behalf of plaintiff, provided, however, that said defendant shall deliver to plaintiff copies of the reports of all tests and analyses made by it, or on its behalf, for the purposes of this action and copies of the reports of any other tests or analyses as to which it will offer proof on the trial; and, as so modified, should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and HERLIHY, JJ., concur.

Order modified so as to provide (1) that plaintiff give reasonable notice to defendant American Cyanimid Company of the time and place of the tests and analyses to be made on plaintiff's behalf and (2) that plaintiff deliver to said defendant, upon its request, copies of the reports of all tests and analyses of vaccine made by or on behalf of plaintiff, provided, however, that said defendant deliver to plaintiff copies of the reports of all tests and analyses made by it, or on its behalf, for the purposes of this action and copies of the reports of any other tests or analyses as to which it will offer proof on the trial; and, as so modified, affirmed, without costs.