John P. QUINN, Jr., a minor, by John P. Quinn and Phyllis Quinn, parents and natural guardians, and John P. Quinn and Phyllis Quinn, in their own right, Plaintiffs

v.

CHRYSLER CORPORATION, a Delaware corporation, Attilio J. Balbo, a/k/a A. J. Balbo, and Richard P. Gray and Jean Gray, Defendants.

Civ. No. 63–344.

United States District Court
W. D. Pennsylvania.

Feb. 27, 1964.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant Chrysler Corp.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant Balbo.

Reed & Egler, Pittsburgh, Pa., for defendants Richard P. Gray and Jean Gray.

MARSH, District Judge.

In this personal injury diversity action the plaintiffs allege negligence and breach of warranties on the part of the defendants with respect to an allegedly defective handbraking system installed in the 1958 Plymouth station wagon manufactured by defendant Chrysler. The defendant Chrysler has moved pursuant to Rule 34, Fed.R.Civ.P., for the production of the handbrake assembly presently in possession of the plaintiffs or their expert, A. J. McKelvey. It avers that photographing, X-ray examination, inspection, and testing of this assembly is essential to the preparation of a defense; specifically, it asks for an order to disassemble the handbrake assembly in order to secure a complete expert inspection. After argument, by letter to the court, counsel for Chrysler withdrew its request to disassemble the handbrake assembly, which was vigorously opposed by the plaintiffs. See affidavit of A. J. McKelvey. Accordingly, we consider here only the requests for production for the purposes of photographing, X-ray examination, and testing the handbrake assembly. In its brief, Chrysler limits its request for test-

ing the handbrake assembly to installing it in another vehicle of similar make, model, and year, in order that a functional test thereof may be conducted.[1]

In our opinion, the scope of Rule 34 encompasses the type of discovery herein sought by Chrysler, 4 Moore, Federal Practice, ¶ 34.19 [5], p. 2480, and good cause has been shown since the plaintiffs, who contend that the injuries sustained by them were caused by the defective handbrake assembly, have possession thereof, and the movant cannot test and photograph the mechanism without an order. The affidavit submitted by plaintiffs does not suggest that the allegedly patent defects of the handbrake assembly will be disturbed by installation and functional testing thereof in a similar vehicle, but addresses itself only to the request of Chrysler, now withdrawn, for *disassembling* of the mechanism. Accordingly, defendant Chrysler's motion for production will be granted, consistent with this opinion.

An appropriate order will be entered.