STATE of Missouri, ex rel. Howard EMGE, Principal Officer of Authorized Brake, Inc., and Brake Supply Company, Inc., Relator,

v.

The Honorable James S. CORCORAN, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 33896.

St. Louis Court of Appeals, Missouri.

May 25, 1971.

Cupples, Cooper & Haller, Ronald L. Cupples, Clayton, for relator.

Switzer & Switzer, John V. Hanson, St. Louis, for respondent.

SMITH, Commissioner.

We issued our preliminary writ prohibiting respondent from taking further proceedings requiring relator to deliver books and records of Authorized Brake Service, Inc. and Brake Supply Company, Inc. to their judgment creditor or its agents, accountants or attorneys. We are confronted with the narrow question: Does the Circuit Court have the authority to order a party to deliver its original books and records into the hands of its adversary? We find no such authority.

General Brake Service Corporation had received a judgment in 1967 against Authorized and Brake Supply. Both corporations are now defunct and inoperative, their charters having been revoked by the Secretary of State. Relator was the chief officer of both companies and the custodian of their books and records. General, after unsuccessfully attempting execution, sought examination of relator pursuant to the provisions of Supreme Court Rule 76.-64 V.A.M.R. Relator, in response to a subpoena duces tecum, appeared before respondent with a "large box of voluminous books and records" of the judgment debtors and was examined under oath by counsel for General. During the examination relator stated that he could not point out in the books the information he was questioned about because he was not an auditor. He did state that the records would reflect the asked about transactions. The attorney for Authorized and Brake Supply stated that there was no objection to the judgment creditor inspecting the books or having them inspected by someone qualified to inspect them, but did object to subpoenaing the judgment debtors' auditor for testimony. The matter was continued generally by the court to give the judgment creditor an opportunity to have the books audited. Apparently some disagreement arose between the parties as to whether such auditing was to be done in open court or by consent outside court. Thereafter the court, ex parte, entered its order that "The said corporate books and records are

to be produced and delivered for examination at the offices of Messrs. Kerber, Eck and Braeckel, 319 North Fourth Street, St. Louis, Missouri [accountants for plaintiff], Friday, June 19, 1970, at 10:00 A.M., to remain in their custody for a reasonable time until the completion of said examination."

After an unsuccessful attempt to have the court withdraw or modify the order relator filed his application for writ of prohibition in this court.

The parties have briefed rather extensively the question of whether the discovery procedures authorized by our Rules of Civil Procedure may be utilized in a proceeding under Rule 76.64. We find it unnecessary to decide such question as we are unable to find any authority even under the discovery rules, and particularly Rule 58.01 V.A.M.R., which grants the power claimed by respondent.

There is nothing in the provisions dealing with examination of a judgment debtor which requires such debtor to produce his records. Rules 76.64–76.68. Respondent points to Rule 41.06 as authorizing the court to proceed in any lawful manner consistent with the statutes, precedents and rules where no procedure is specially provided by rule. We have found no statute, precedent or rule which would require the production ordered here unless Rule 58.01 does. We turn to that rule. It authorizes a court to order a party to *produce* and permit inspection and copying or photographing of books and records in the possession, custody or control of the party. "Produce" is defined as "to bring forward: lead forth: offer to view or notice: exhibit: show", Webster's Third New International Dictionary, Unabridged. It is not a synonym of "turn over" or "give." The rule contemplates that the possession, custody and control shall remain in the party producing, and the moving party shall have the opportunity to inspect, copy or photograph. The rule does not contemplate that the moving party shall receive the possession, custody or control of the thing pro-

duced. Respondent, throughout his brief, has treated the order entered as one of "production and inspection." It is not. The order if obeyed, requires the relator to yield possession of the records to the agents of his adversary. This may not be required under the rule.

Nor can the order be upheld as merely the fixing of the terms and conditions of the production by the court. By its express terms it not only provides for the place of production but calls for delivery and transfer of custody to the judgment creditor's agents.

■ We also reject respondent's contention that relator has waived any objection to the order by agreement in open court to produce the books and records. At no time did relator or his attorney agree to turn over possession, custody and control of the books and records to General. At most they agreed only to produce them for inspection. As above indicated production for inspection and turn over of possession are not the same.

The respondent had no authority to make the order he did and therefore exceeded his jurisdiction. Our preliminary writ should be and is made absolute.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, our preliminary writ should be and is made absolute.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not sitting.