STATE of Missouri ex rel. Robert CRAW-FORD et al., Relators,

v.

The Honorable Garner L. MOODY, Judge of the Circuit Court of Taney County, Missouri, Respondent.

No. 9154.

Missouri Court of Appeals, Springfield District.

Feb. 14, 1972.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Warren S. Stafford, Neale, Newman, Bradshaw & Freeman, Glenn A. Burkart, Mann, Walter, Burkart & Weathers, Springfield, for relators.

Thomas G. Strong, Farrington, Curtis & Strong, Springfield, for respondent.

TITUS, Chief Judge.

Our previously issued preliminary writ of prohibition is hereby made absolute.

Bobby Stone, or so it is alleged, was injured in a gas explosion that ensued from his efforts to ignite the pilot light of a swimming pool boiler located on the premises of a resort motel. Bobby and his wife, Ginger, filed suit in the Circuit Court of Taney County against certain named defendants (some of whom are relators here) averring that the explosion resulted from the defendants' negligence and "was caused from gas which had leaked from [an underground] pipe going through the aforesaid patio west of the swimming pool." Pursuant to V.A.M.R. 58.01,[1] Bobby and Ginger, as the damage suit plaintiffs, moved "the Court to require defendants to produce" the leaky pipe. Respondent herein, as judge of the circuit court, "ORDERED that defendants either *remove, produce and deliver* to plaintiffs, or allow plaintiffs to *remove and take possession of* [said pipe]. In the event defendants refuse to . . . *deliver* the aforesaid pipe to plaintiffs, plaintiffs may *remove and take possession of* said pipe." (Our emphasis). Thereafter, relators filed their petition for a writ of prohibition. Our preliminary writ prohibited respondent from enforcing "that portion" of the order "which would permit and allow plaintiffs to remove and take possession of" the pipe, but provided that respondent was not prohibited "from permitting plaintiffs, if you should so determine, to enter upon the premises where said pipe is situate, to photograph, examine and inspect same and to run such tests on said pipe" as would not damage it. Testimony received at the evidentiary hearing conducted on the motion indicates that one end of the underground pipe emerges through a concrete wall, while the other enters the underground boiler and filter room through a wall constructed of concrete blocks.

1. Rule 58.01, as pertinent to the matter at hand, reads:
"... any party may move the court, . . . for an order upon another party (1) to produce and permit the inspection . . . by or on behalf of the moving party, of any designated . . . objects or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 57.01 (b) and which are in his possession, custody or control; or (2) to permit entry upon designated land or other property or any designated object or operation thereon within the scope of the examination permitted by Rule 57.01(b)."

V.A.M.R. 58.01, supra, authorizes a court to order a party "to produce and permit the inspection" of designated "objects or tangible things." However, it nowhere provides that a court may require delivery of the possession of the object to the movant; neither does it extend authority to permit the moving party "to remove and take possession of" the tangible thing sought for inspection, particularly when such a procedure would have the effect of permitting the movant to go onto property that may not be owned by the parties against whom the order is directed, and authorize the movant to dig through concrete walls and patios and into the earth so that an item of evidence may be extracted and taken into possession by the movant. " 'Produce' is defined as 'to bring forward: lead forth: offer to view or notice: exhibit: show', Webster's Third New International Dictionary, Unabridged. It is not a synonym of 'turn over' or 'give.'[2] The rule contemplates that the possession, custody and control shall remain in the party producing, and the moving party shall have the opportunity to inspect, copy or photograph. The rule does not contemplate that the moving party shall receive the possession, custody or control of the thing produced. . . . The order if obeyed, requires the [defendants to deliver possession of the pipe to plaintiffs or permits the plaintiffs to remove and take possession of the pipe]. This may not be required under the rule." State ex rel. Emge v. Corcoran, Mo.App., 468 S.W.2d 724, 725–726(1). Moreover, and with no intent to question the motives of plaintiffs or their counsel in the pending cause, "[u]ndoubtedly there are cases in which an order [requiring a party to deliver unfettered possession of an important article of evidence to his adversary] might be prejudicial to the interests of a party and easily subject to the commission of fraud by the party seeking the discovery and inspection" (Petruk v. South Ferry Realty

Company, 2 A.D.2d 533, 157 N.Y.S.2d 249, 253), or result, through testing or otherwise, in the loss, destruction or material alteration of the object. See cases collected in footnote 1, 4A Moore's Federal Practice ¶ 34.19[5], pp. 34–113 to 34–114; 27 C.J.S. Discovery § 79, at p. 246.

STONE and HOGAN, JJ., concur.

---

**2.** Neither does "produce" constitute a metonym for "delivery" or "to deliver," which terms import a surrender or parting with possession as the transfer of

possession from one person to another. 26A C.J.S. Delivery pp. 165–167; Webster's New World Dictionary of the American Language, College ed., p. 388.