**CITY OF KINGSPORT, TENNESSEE, et al., Plaintiffs,**

v.

**SCM CORPORATION et al., Defendants.**

**Civ. A. No. 2639.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 17, 1972.

See also, D.C., 352 F.Supp. 286, 291.

W. E. Weber, City Atty., H. E. Wilson, and Joe Worley, Kingsport, Tenn., for plaintiffs.

F. Allan Kelly, Kingsport, Tenn., Arthur G. Seymour, Knoxville, Tenn., John Peters, Cleveland, Ohio, M. Lacy West, Kingsport, Tenn., Christopher Christopher, Worcester, Mass., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The motion of the defendant SCM Corporation of September 30, 1971 to amend its answer has been rendered MOOT. XI(b) of the pretrial order herein of October 12, 1971.

The motion of such defendant to join St. Paul Fire and Marine Company in its cross claim against its codefendant Special Coatings, Inc., Rules 13(g)(h), Federal Rules of Civil Procedure; to file a counterclaim against the plaintiffs Cassel Bros., Inc. and Johnson-Hilliard, Inc., Rule 13(f), Federal Rules of Civil

Procedure; and to join as defendants-by-counterclaim Steel and Roof Structures, Inc., Bristol Pre-Stressed Concrete Co., Inc., William Hamilton Wallace, and J. Larry Poole, Rule 13(h), Federal Rules of Civil Procedure, has merit and hereby is ALLOWED. Rules 13(f), (g), (h), 19, 20, Federal Rules of Civil Procedure; see also S. P. A. Ricordi Officine Grafiche v. World Art Repr. Co., D.C.N.Y. (1958), 22 F.R.D. 312, 315–316 [1], [2–5], and 3 Moore's Federal Practice (2d ed.) 101, ¶ 13.39. Appropriate exceptions will be made to the pretrial order of October 12, 1971 by such defendant and such additional parties to accomplish such purpose, in addition to whatever pleadings are indicated.

■■ The motion of such defendant to dismiss this action, on the ground that certain statutes of limitations bar the plaintiffs' action, lacks merit and hereby is denied. Whether the plaintiffs were induced by the defendants to delay the commencement of legal action until after the applicable statute of limitation had run is question of fact for the trier of the facts. Whitlow v. Hardin County, Tenn., C.A.Tenn. (1930), 13 Tenn.App. 347, 362 [10], certiorari denied (1931). A statute of limitation may be waived by express contract or by necessary implications, or its benefits may be lost by conduct invoking the established principles of estoppel *in pais*. Jackson v. Kemp (1962), 211 Tenn. 438, 365 S.W.2d 437, 439 [4].

■ The motion of such defendant to be authorized to remove a portion or all of one insulrock panel from the dome roof of Dobyns-Bennett high school, Kingsport, Tennessee, so that consulting engineers may conduct thereon certain additional tests, Rule 34, Federal Rules of Civil Procedure, has merit and will be allowed. *Cf.* June v. George C. Peterson Co., C.C.A.7th (1946), 155 F.2d 963, 967 [11].

It hereby is ordered that the defendant SCM Corporation remove all or a portion of one insulrock panel from such dome, provided, however, that on the same day that such panel is removed such defendant furnish and install a replacement panel, refoam the panel with urethane insulation, and recoat all the area involved in the removal with a waterproof coating; that the location of the panel be selected by architects for the plaintiff City of Kingsport, Tennessee; that such removed panel be replaced by a new panel in the same condition and position, with the tongue-and-groove thereof interlocked with adjacent panels in the same manner as in the original installation; that such removal and such replacement be observed by such architects; and that such defendant stipulate in writing with such City that it will be liable for any damage to person or property as may be caused by such removal and replacement, and that the panel effected will be replaced, reinsulated and recoated in a manner to provide a leak-free roof over the area of such replacement and any adjoining areas proximately caused to leak thereby.