Mark A. WILSON, a minor, by and through Sharon Wilson Frazier, his mother and Next Friend, and Sharon Wilson Frazier, Individually, Petitioners,

v.

Honorable Raymond NAIFEH, Judge of the District Court of Oklahoma County, Respondent.

No. 48666.

Supreme Court of Oklahoma.

July 24, 1975.

James W. Shepherd and Robert D. Nelon, of Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, for petitioners.

Melvin F. Pierce, Pierce, Couch, Hendrickson & Short, Oklahoma City, for defendant Pro-Bike, Inc.

Kenneth N. McKinney, McKinney, Stringer & Webster, Oklahoma City, for defendant West Coast Cycle Supply Co.

Robert D. Baron, Berry, Nesbitt & Berry, Oklahoma City, for defendant, Acer-Mex, S.A.

SIMMS, Justice:

The singular issue herein decided involves the *place* of inspection and examination of physical evidence by the defendant in the trial court in a manufacturer's products liability case.

Respondent Judge entered a comprehensive order pursuant to pre-trial discovery procedures, which provided, inter alia, the alleged defective bicycle wheel and tire, together with the bicycle which petitioner was riding when injured be shipped to the Republic of Mexico for examination, inspection and testing.

Petitioner concedes defendant's right of pre-trial examination and inspection, but asks this Court to assume original jurisdiction and issue prohibition against that portion of Respondent Judge's order permitting defendant to take the allegedly defective product outside the territorial limits of the United States.

The instant case is one of first impression in Oklahoma.

Petitioner argues that to permit the alleged defective product to be shipped to the Republic of Mexico is an abuse of dis-

cretion on the part of Respondent Judge in that the product, which is the gravamen of plaintiff's action, would be beyond the jurisdiction of the respondent superintending court and that the product, as well as those making the examination and tests, would be immune from subpoena or subpoena *duces tecum.*

On the other hand, defendant contends that the place of origin of assembly of the tire and bicycle wheel, in the Republic of Mexico, is the only facility with the capacity to make the comprehensive inspection necessary to prepare a defense to the manufacturer's product liability action.

Defendant urges that under *Securities and Exchange Commission v. Minas De Artemisa, S.A.,* C.C.A.9, 150 F.2d 215 (1945), the foreign inspection and examination should be permitted as defendants are parties to the action and subject to the jurisdiction of the Oklahoma courts. A reading of *Securities and Exchange Comm., supra,* discloses it not in point as the case involved the requirement of a party to the action to produce before the court for pre-trial inspection, books and records which were then located in the Republic of Mexico, as opposed to the instant case where the object of inspection is within the jurisdiction and control of the court at this time.

■■■ This Court has recognized that wide judicial discretion is vested in the trial court as to the time, place, and manner of pre-trial inspection and examination, however, prohibition will lie to prevent an abuse of this authorized judicial discretion. See: *Carmen v. Fischel,* Okl., 418 P.2d 963 (1966); *Cowen v. Hughes,* Okl., 509 P.2d 461 (1973).

We find the following cases from other jurisdictions highly persuasive on the one issue herein presented.

In *Equitable Life Assur. Soc. of the United States v. MacMahon, et al; Appeal of Healy,* 325 Mich. 90, 37 N.W.2d 769 (1949), the object of discovery procedure was a document which changed benefi-

ciaries on a life insurance policy. The trial court entered an order directing the change of beneficiary document be delivered to defendant and forwarded to Toronto, Canada for discovery purposes, because "it is not practical for the expert to bring his large and bulky apparatus to the State of Michigan to perform certain tests." On interlocutory appeal, the Supreme Court of Michigan reversed, holding:

"The order issued by the trial court in the case at bar would place vital papers beyond the jurisdiction of the court and thus deny to appellant (plaintiff) the right to a subpoena *duces tecum.* In our opinion it was error to issue an order that would place such possible exhibits beyond the power of the court to regain them."

In *State of Missouri ex rel. State Farm Mutual Automobile Insurance Company, Relator v. Rickhoff, Judge of St. Louis County, Mo.,* 509 S.W.2d 485 (1974), the Missouri Court of Appeals prohibited the enforcement of a pre-trial discovery order which required an alleged defective automobile carburetor be delivered from St. Louis County, Missouri, to Dearborn, Michigan, for examination. It was alleged that the Michigan location was necessary for a complete and effective examination. The Missouri court recognized the defendant's right to inspect the object but held the plaintiff could not be "compelled to transfer custody and control of the carburetor by an unconditional order to the defendant for inspection in the defendant's facilities located out of state."

*State, ex rel. State Farm v. Rickhoff, supra,* was decided on the narrow grounds that the pre-trial discovery provisions to "produce" contemplated only that the possessing party must "bring forward" or "to offer to view, or exhibit", rather than to "turn over" or "give".

While we do not subscribe to the narrow interpretation given pre-trial inspection and examination rules by the Missouri Court, we none the less hold that to permit a party litigant seeking pre-trial inspection

and examination of an object to transport the subject of the discovery order outside the territorial limits of the United States constitutes an abuse of discretion.

We therefore Assume Original Jurisdiction and Issue Writ of Prohibition as to that portion of the pre-trial discovery order authorizing the defendants to ship the alleged defective bicycle and/or its components outside the territorial limits of the United States.

Original jurisdiction assumed. Writ of Prohibition issue.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., dissents.