**STATE of Oklahoma ex rel. REMINGTON ARMS CO., INC., et al., Petitioners,**

v.

**Donald E. POWERS, Judge of the District Court of Lincoln County, Respondent.**

No. 49614.

Supreme Court of Oklahoma.

July 27, 1976.

Robert S. Baker, Baker, Baker & Wilson, and David W. Edmonds, Foliart, Mills & Niemeyer, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, and William A. Vassar, Vassar & Vassar, Chandler, for respondent.

HODGES, Vice Chief Justice.

■ This is an application to assume original jurisdiction and petition for writ of mandamus seeking to require the respondent judge to enter an order allowing petitioners to remove evidence from the state of Oklahoma for the purposes of privately inspecting, photographing, examining and testing under the Oklahoma discovery statute, 12 O.S.1971, § 548.[1] We as-

---

1. The discovery statute, 12 O.S.1971 § 548 provides:

Upon motion of any party showing good cause and upon notice to all other parties, and subject to the equitable power of the court to protect any party or witness from annoyance, embarrassment, or oppression, the court in which an action is pending may (1) order any such party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, motion picture film or negatives thereof, developed or undeveloped photographic film, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of examination permitted by deposition and which are in such parties' possession, custody or control, or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any desig-

sume original jurisdiction, but deny writ of mandamus for the reasons hereinafter set forth.

Harvey Lee Bowen, plaintiff, filed his petition seeking damages for personal injuries allegedly sustained when his shotgun exploded. The action was filed against Remington Arms Co., Inc., Canadian Industries, Ltd., and C.I.L. Ammunition Co., Inc. (Petitioners). Petitioners presented a motion to produce evidence pursuant to 12 O.S.1971 § 548, requesting the respondent judge order plaintiff to produce the shotgun and shotgun shell which are the subject matter of the lawsuit, and also to produce any remaining shotgun shells which came from the same box as the shell which purportedly caused the damage. Petitioners also requested their experts be allowed to privately inspect, photograph, examine and test the shotgun and shotgun shells in their facilities located outside the state of Oklahoma. The respondent judge refused to permit the items to be taken from the state of Oklahoma and ruled any photographing, inspecting, examining or testing must occur in the presence of the plaintiff, his attorney, or representatives, and that the items could not be removed from the possession of the plaintiff.

Petitioners assert the failure of the respondent to permit them to privately examine, inspect and test the items outside the state of Oklahoma was an abuse of judicial discretion for which the issuance of a writ of mandamus is the proper remedy. Under the facts presented, we do not agree.

The purposes of the discovery statute are to facilitate and simplify identification of the issues by limiting the matters in controversy, avoid unnecessary testimony, promote justice, provide a more efficient and speedy disposition of cases, eliminate secrets and surprise, prevent the trial of a lawsuit from becoming a guessing game, and lead to fair and just settlements without the necessity of trial. Discovery statutes permit obtaining of evidence in the sole possession of one party which is unavailable to opposing counsel through the utilization of independent means. For these reasons, the rules dealing with discovery, production, and inspection are to be liberally construed.[2] The intent of the Oklahoma discovery statutes is to attempt to provide procedures which promote accurate information in advance of trial concerning the actual facts and circumstances of a controversy, rather than to aid in its concealment.[3] The utilization of discovery enables attorneys to better prepare and evaluate their cases. Ascertainment of truth and the ultimate disposition of lawsuit is better accomplished when parties are well educated through discovery as to their respective claims in advance of trial. Pretrial discovery procedures are intended to enhance truthseeking process, and good faith compliance with such procedures is both desirable and necessary.[4]

We believe the statute is sufficiently broad to include testing of evidence. The statute[5] provides for inspection.

---

nated object or operation thereon within the scope of which examination is now permitted by deposition. This order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just.

2. *State v. Shilling*, 190 Okl. 305, 123 P.2d 674, 678 (1942) ; *Cornet Stores v. Superior Court*, 108 Ariz. 84, 492 P.2d 1191, 1193 (1972) ; *Rakes v. Fulcher*, 210 Va. 542, 172 S.E.2d 751 (1970) ; *Crist v. Goody*, 81 Colo.App. 496, 507 P.2d 478, 480 (1972).

3. *Davis v. Davis*, 536 P.2d 915, 917 (Okl. 1975).

4. *Biehler v. White Metal Rolling & Stamping Corp.*, 30 Ill.App.3d 435, 333 N.E.2d 716 (Ill.App.1975).

5. See Note 1, supra.

Inspection is not necessarily confined to visual observation but is ordinarily understood to embrace tests and examinations.[6] The administration of justice profits by the progress of science. Scientific tests should be resorted to whenever the results disclosed by the tests can aid or elucidate the just determination of legal controversies. The narrowing of areas of dispute by scientific means aids in the administration of justice.[7] A litigant should have every opportunity to use discovery procedures, especially in a technical case where circumstances are known only to plaintiffs.[8] However, where the object itself may be totally destroyed or so altered as to make it difficult to present the claim of plaintiff, protective arrangements which could avoid an improper or unfair result are obviously indicated.[9]

■ The plaintiff contends he has agreed to make available for inspection the shotgun and shotgun shells, and still agrees to do so provided the plaintiff or one of his attorneys is present for such inspection and examination. As a general rule, the plaintiff or his representative should be permitted to observe the tests.[10] However, there may be some instances where, in the discretion of the trial court, the presence of the plaintiff or his representative is unnecessary.

■ The discovery statute is not intended to entitle the movant to an order compelling production of materials as a matter of right merely upon filing a motion. Good cause must be shown under the circumstances before the trial court in its discretion issues a discovery order relevant to the issues of the case.[11]

■ This court refused to permit a bicycle to be removed from its jurisdiction to a testing facility outside the United States in *Wilson v. Naifeh,* 539 P.2d 390, 391 (Okl.1975), but noted it was not the intention of this court to subscribe to a narrow interpretation of the pretrial inspection and examination rules. We believe there may be occasions where testing of evidence must of necessity be conducted outside the state of Oklahoma, but that good cause must be shown before this should be permitted. In the case before us, the record is devoid of any attempt to show good cause for removal of the shotgun and shotgun shells, nor was it shown that adequate testing facilities and com-

---

6. *O'Hare v. Peacock Dairies,* 26 Cal.App.2d 345, 79 P.2d 433, 438 (1938).

7. *Petruck v. South Ferry Realty Co.,* 2 A.D. 2d 533, 157 N.Y.S.2d 249, 253 (1956).

8. *Tyler v. Touro Infirmary,* 169 So.2d 574, 577 (La.App.1964).

9. *Edwardes v. Southampton Hospital Assoc.,* 53 Misc.2d 187, 278 N.Y.S.2d 283, 286–87 (1967).

10. See Note 9 id.; *Canter v. American Cyanamid Co.,* 5 A.D.2d 513, 173 N.Y.S.2d 623, 625 (1958); see also *Petruck v. South Ferry Realty Co.,* Note 7, supra, in which metallurgical testing of a safety anchor bolt was permitted with notice of the time and place of test required and parties permitted to have representatives present if desired.

11. *Lisle v. Owens,* 521 P.2d 1375, 1377 (Okl. 1974); *Jones Packing Co. v. Caldwell,* 510 P.2d 683, 684 (Okl.1973). The standard for determining good cause was set forth in *Carmen v. Fishel,* 418 P.2d 963, 972 (Okl.1966), the court said:

"Where party applying for the production, inspection and copying of witnesses' statements obtained by his adversary makes no showing that the witnesses are no longer available, or cannot be located, or are hostile and will not furnish information, or that the information desired cannot be obtained elsewhere upon diligent effort, there is no showing of 'good cause' sufficient to justify an order or production."

petent experts are not located within this state. We, therefore, assume original jurisdiction, but refuse to issue a writ of mandamus.

All Justices concur.