Joe L. HUGGINS, Plaintiff,

v.

Richard H. FULTON, Individually and in his official capacity as Mayor of the Metropolitan Government of Nashville and Davidson County, Tennessee; Samuel L. McPherson, Individually and in his official capacity as Assistant to the Mayor of the Metropolitan Government of Nashville; Donald W. Jones, Individually and in his official capacity as Attorney for the Metropolitan Government of Nashville and Davidson County, Tennessee; the Metropolitan Government of Nashville and Davidson County, Tennessee; and the Civil Service Commission of the Metropolitan Government of Nashville and Davidson County, Tennessee, Defendants.

No. 78–3361.

United States District Court,
M. D. Tennessee,
Nashville Division.

July 1, 1980.

Joseph L. Lackey, Jr., Nashville, Tenn., for plaintiff.

Peter H. Curry, Nashville, Tenn., for Richard H. Fulton and Metropolitan Government.

John P. Long, William R. Willis, Nashville, Tenn., for Samuel L. McPherson.

William F. Howard, Nashville, Tenn., for Donald W. Jones.

Rose P. Cantrell, Nashville, Tenn., for Civil Service Com'n of the Metropolitan Government.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The plaintiff, former Director of Personnel for the Metropolitan Government of Nashville, Davidson County, Tennessee, has brought this action pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief from the defendants.

Two motions to dismiss are presently before this Court. First, all of the defendants move to dismiss the plaintiff's cause on the ground that the action is barred by the statute of limitations. Second, the defendant Metropolitan Government moves to dismiss on the ground that it is not a person within the meaning of 42 U.S.C. § 1983.

The plaintiff was Director of Personnel when the defendant Richard Fulton took office as Mayor in 1975. According to the plaintiff's complaint, Mr. Fulton asked the plaintiff to resign a year after the mayoral election. No reasons were cited for the request but its immediate result was that working relationships between other department heads and the plaintiff became strained. Indeed, one of those officials, co-defendant Sam McPherson, placed certain improper pressure upon the plaintiff for campaign support of Mr. Fulton, says the plaintiff.

According to the plaintiff, in late 1976 and early 1977, he suffered continued harassment by various co-defendants (all employees of the Metropolitan Government) which greatly disturbed him and which reached its height in the co-defendants' accusation that the plaintiff had surreptitiously monitored private telephone calls to and from individuals in the Department of Personnel. As a result of these accusations, the Civil Service Commission placed the plaintiff on administrative leave and several of its members in effect, asked the plaintiff to resign his position. In addition, another defendant threatened the plaintiff with fabricated charges to be presented to the Civil Service Commission says the plaintiff.

It is undisputed that in the late summer of 1977, the Civil Service Commission authorized the Legal Department of the Metropolitan Government to file unspecified charges against the plaintiff; in response, the plaintiff submitted his written resignation as Director of Personnel at the end of the then existing administrative leave, August 29, 1977. The plaintiff's resignation terminology was accepted by the Civil Service Commission while still other local government records reflect the August 29th date as both accepted and effective. The plaintiff filed his complaint on August 25, 1978.

■ In regard to the statute of limitation question, the accrual date (the date on which the triggering act occurred) is the only determination to be made by this Court since it is well settled that T.C.A. § 28–304 subjects § 1983 actions to a one year statute of limitations. *Elmore v. Evans*, 449 F.Supp. 2 (D.C.Tenn.1976) aff'd. 577 F.2d 740 (6th Cir. 1978).

■ The defendants' motion to dismiss must be denied. By accepting the plaintiff's written resignation and its terms including the date of August 29, 1977, the local government and its officials established the accrual date under Tennessee's statute of limitations. The accrual date is generally defined as the date when the injury occurs or the date when the injury should have been discovered by a reasonable person. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975).

The defendants cite *Krzyzewski v. Metropolitan Government*, 584 F.2d 802 (6th Cir. 1978) and *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977) cert. denied 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) in support of their position that the plaintiff's action is time-barred. These cases are distinguished from the instant case however.

First, these two cases deal with statutes of limitation incorporated into Title VII of the Civil Rights Act of 1964. Remedies available under Title VII and under provisions such as §§ 1981 and 1983, although related, are separate, distinct and independent. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Neither of these two cited cases construe or apply T.C.A. § 28–304, the applicable statute of limitations.

Second, in the two cases cited, acts which established the accrual date, or triggering acts, were the actual discharge or firing of a plaintiff. The reasonable plaintiff who is fired cannot exercise control over the trig-

gering act or accrual date; that plaintiff must instead count the injury from the date of the employer's action terminating him. Distinguished from those plaintiffs who were fired is the plaintiff in the case before this Court who submitted his resignation and thereby defined his own accrual date. This plaintiff should not now be deprived of the reasonable expectation that the date accepted by Metropolitan Government was also the effective date for purposes of the statute of limitations. The benefit of the statute has been waived by the local government and it is estopped to assert an earlier date. *City of Kingsport, Tennessee v. SCM Corporation*, 352 F.Supp. 287 (D.C. Tenn.1972).

The complaint filed by the plaintiff in this Court on August 25, 1978, is not time-barred. The first motion to dismiss filed on behalf of all the defendants will be denied.

 The second motion to dismiss filed on behalf of the Metropolitan Government must be granted since a local government can not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, this plaintiff must complain of injuries which have resulted from the implementation or execution of a policy, ordinance, regulation, decision or custom officially adopted or promulgated by the Metropolitan Government. *Monell v. Department of Social Services of the City of New York, et al*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Local No. 1903 of the International Union, et al v. Bear Archery, et al*, 617 F.2d 157 (6th Cir. 1980).

The plaintiff's cause of action relies upon the theory of *respondeat superior*: he insists that the defendant Metropolitan Government is responsible under § 1983 for the violation of his rights perpetrated by its various officials. This theory has been repudiated by our courts. *Monell v. Department of Social Services of the City of New York, et al, supra; Local No. 1903 of the International Union, et al v. Bear Archery, et al, supra.*

There is simply no indication that any of the actions taken by employees or officials of the Metropolitan Government were taken in the furtherance of any local or state policy, ordinance, regulation, decision or custom officially adopted or promulgated by Metropolitan Government and inflicted upon the plaintiff by employees of this local governing body.

The motion to dismiss will be granted to the defendant Metropolitan Government.