JOE PELLITTERI (EMPLOYEE), RESPONDENT, v. BLACKMER & POST PIPE COMPANY (EMPLOYER), AND OCEAN ACCIDENT & GUARANTEE CORPORATION (INSURER), APPELLANTS.—50 S. W. (2d) 662.

St. Louis Court of Appeals. Opinion filed June 7, 1932.

*Harold C. Ackert* and *Holland, Lashly & Donnell* for appellants.

*Joseph B. Catanzaro* and *Joseph J. Cooney* for respondent.

NIPPER, J.—This is an appeal from a judgment of the circuit court affirming an award of the Workmen's Compensation Commission in favor of the claimant and against the employer and the insurer. The claimant was awarded permanent total disability in the sum of $20 a week for 300 weeks, and thereafter the sum of $7.96 a week for life. The Commission found that the employe or claimant suffered a hernia, and was placed under the care of physicians who operated upon him, but that such operations were without success, and that claimant cannot return to do any work because of the danger of further injury and possible serious complications.

The evidence discloses that claimant had undergone four operations for this hernia.

The only question raised on appeal is the correctness of the finding of the Commission that claimant was totally and permanently disabled. The award is not challenged in any other respect.

The evidence shows that claimant was operated on the last time by Dr. Ellis Fischel on the 20th day of May, 1930, for the repair of a recurrent inguinal hernia. The claimant testified that since the time of the operation his right side continued to hurt him; that he had pains when he stoops or bends over, or even attempts to do any straining; that the work in which he was engaged before the accident consisted almost entirely of heavy lifting; that after the accident he had applied to the employer for a job doing some lighter work, but had been unable to secure such employment. Claimant was an illiterate Italian of foreign birth. He stated, with respect to his efforts to secure other employment, that subsequent to his

injury he went to the office of his employer as the doctor had told him they would give him light work, and might give him a position as janitor, or watchman, or something of that kind. He was told they would fix him up with a light job. He waited for the superintendent, who informed him to wait until the big boss came. He waited until about ten o'clock. He was then told that he was not able to work. He came back the next day and was told that he had better see about another job and see what the insurance people could do for him; that he was not given any kind of a job. He stated that he did not go back after the fourth operation "because they tell me the first time I go down there they give me a kick; no use going back again."

Dr. Vosburgh testified that he thought plaintiff's condition would be a permanent one; that his condition would not totally disable him in the sense that he could do no kind of work, but that he could per- haps work at some lighter employment like a checker, or watchman, or something like that. He also said he would not recommend another operation, because claimant had been operated on four times by skillful surgeons, and was still suffering from the same injury, and he did not, and would not, recommend another operation.

Dr. Milliken testified that claimant might return to some employment where he would not have to stoop, push, pull, or lift. He testified that claimant's condition was permanent unless it was repaired by an operation, and that he thought he could perform a successful operation in claimant's present condition; that if it was his brother he would recommend it.

Dr. Funsch testified that claimant had a recurrent hernia; that claimant was not able to do any heavy work, but could do some light work, such as watchman, or elevator operator.

Dr. Fischel thought that claimant ought to try to do his former work and see how he got along, and that in his opinion claimant might be able to do heavy lifting in his present condition.

The argument advanced by appellants here is that as claimant was able to perform work of some kind he was not totally disabled within the meaning of the Missouri Workmen's Compensation Act, and an award for total disability is not sustained by evidence which shows that claimant is incapable of performing the same kind and character of work in which he was engaged at the time of the accident. To support this contention, we are referred to section 3305 (e), Revised Statutes of Missouri, 1929, which reads as follows:

"The term 'total disability' as used in this chapter shall mean inability to return to any employment and not merely mean inability to return to the employment in which the employe was engaged at time of the accident."

In addition to the above section, we are cited to the cases of Groveland v. Ind. Comm., 308 Ill. 499; Old Ben Coal Corp. v. Ind.

Comm., 302 Ill. 96; Rialto Lead & Zinc Co. v. Ind. Comm., 112 Okla. 101; Lacione's Case, 227 Mass. 269, where the facts were somewhat similar to those in the instant case. It will be observed, however, by an examination of these cases, that in each and every instance the claimant or employe was not only able to perform other work than that in which he was formerly engaged, but he was actually performing other labor at the time the award was made finding the claimant to be totally disabled. We are also cited to our own opinion, the case of Valentine v. General Paper Stock Co., 37 S. W. (2d) 457. The same may be said of that case. In the Valentine case plaintiff was earning $20 a week when he was injured. When the final hearing and award was made he was earning $17.28 per week, or $2.72 a week less than he was receiving before the injury. It certainly could not be held, under these circumstances, that claimant was suffering from total disability.

In the instant case, there is no question but what the evidence shows that claimant was unable to perform the same kind and character of work in which he was engaged prior to his injury. The record also discloses that he made all reasonable efforts, under the circumstances, to secure and have his employer furnish or give him employment of some kind that he would be able to perform. In this he was unsuccessful, after making such efforts as one could be expected to make in his circumstances and under the conditions existing. If the claimant was unable in spite of his efforts to obtain any kind of employment, even though his physical powers were such as to enable him to do some kind of work, such as watchman, elevator operator, checker, or something of that kind, he had become unable to earn anything, because of the physical defects from which he was suffering. If the claimant, after these efforts, could get no opportunity to earn wages due to his physical defects and injury, his earning power was gone, and the Commission was warranted in finding that he was suffering from a total disability, and its finding should be upheld. [Gillen's Case, 215 Mass. 96, and cases therein cited.]

The judgment of the circuit court is, accordingly, affirmed. *Haid*, *P. J.*, and *Becker, J.*, concur.