**Billy R. JOHNSON,
Movant/Claimant/Appellant,**

v.

**TERRE DU LAC, INC., Employer,**

**and**

**The Second Injury Fund of the State of Missouri, Respondent/Respondent.**

No. 56580.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 1, 1990.

Douglas W. O'Neill, St. Louis, for movant/claimant/appellant.

Lichtenegger, Ellis, Payne & Kasten, John P. Lichtenegger, Jackson, for respondent/respondent.

KAROHL, Judge.

This is a workmen's compensation case. Billy R. Johnson, claimant, an employee of Terre Du Lac Inc., sustained a compensable back injury. The accident occurred on March 26, 1980. Treatment included a laminectomy and a two-level, bi-lateral posteriolateral fusion of the spine performed on October 28, 1980. Prior to the injury claimant was afflicted by degenerative joint disease of the spine and a flattening of the left femoral head associated with an old spilled Capital Ephiphysis with resultant shortening of the left femor. Claimant's left leg was more than one inch shorter than his right leg.

Claimant filed against the employer and the second injury fund. The Administrative Law Judge (ALJ) found claimant's disability was permanent and partial. The second injury fund was found liable for 20% of the combined total of pre-existing disabilities and disabilities sustained in the accident of March 26, 1980. The Labor and Industrial Relations Commission affirmed the award. Claimant appealed to the circuit court which affirmed the decision of

the commission. Section 287.490.1 RSMo 1978. The present appeal to this court involves only the claim against the second injury fund. Section 287.490.2 RSMo 1978.

The disputed issue is whether there was sufficient competent evidence from which the Industrial Relations Commission could find permanent partial disability. Claimant contends the evidence requires an award for permanent total disability. He also argues that the relevant facts are not in dispute and the issue may be resolved as a question of law, so that the decision of the commission is not binding on this court. Claimant contends he is permanently and totally disabled by reason of the back injury and multiple pre-existing disabilities. The term "total disability" as used in § 287.020.7 RSMo 1978 "shall mean inability to return to any employment and not merely inability to return to the employment in which the employee was engaged at the time of the accident."

■ Our review of a decision of the commission is limited to a determination of whether the award is supported by competent and substantial evidence in the record as a whole. *Sample v. Monsanto Chemical Co.,* 664 S.W.2d 625, 626 (Mo.App.1984). We review the award of the commission. *Id.*

All of the evidence and legitimate inferences therefrom must be viewed in the light most favorable to the awards. This court may not substitute its judgment for that of the Commission. The awards may be set aside only if there is no substantial and competent evidence to support them or if the findings of the Commission are clearly contrary to the overwhelming weight of the evidence. Conflicts in the evidence are for resolution by the Commission. (Citation omitted). This court must disregard any evidence which might support a finding different from that of the Commission, and that is true although a finding of the Commission to the contrary would have been supported by the evidence.

*McCall v. McCall Amusement, Inc.,* 748 S.W.2d 827, 828 (Mo.App.1988), quoting *Petersen v. Central Pattern Co.,* 562 S.W.2d 153, 155–156 (Mo.App.1978). "All claims for permanent total disability shall be determined in accordance with the facts." Section 287.200.2 RSMo 1978. "It is the exclusive province of the Commission to determine the matters of disability." *Robinson v. Krey Packing Company,* 467 S.W.2d 91, 95 (Mo.App.1971).

Within the noted scope of review we find the issue of degree of disability resulting from the back injury and pre-existing conditions, to be a question of fact resolved by the commission. On this issue the facts were in dispute. Claimant offered the testimony of Dr. Joseph H. Morrow, Jr., D.O. His testimony, if accepted by the commission, would support a finding that claimant was permanently and totally disabled after the accident by reason of the injuries and pre-existing conditions.

■ Claimant's employer offered the deposition testimony of Dr. John R. Wagner, claimant's treating orthopedic surgeon. Dr. Wagner saw claimant a number of times between May, 1980 and March, 1984. He testified claimant was permanently and partially disabled. Dr. Wagner held firm in his view that claimant is capable of performing light-duty work. His rating of disability by reason of the back injury was "25% of the spine secondary to his injury and subsequent surgery." On cross-examination Dr. Wagner indicated light-duty employment would involve limiting lifting to no more than fifteen pounds and no frequent bending. Claimant could not resume his former employment as a heavy equipment operator. However, § 287.020.7 RSMo 1978 does not define total disability in terms of former employment.

■ Claimant contends Dr. Wagner's deposition testimony must be qualified by a letter report he sent to claimant's attorney on March 19, 1984. The letter was in evidence and contains the following:

At this time it is apparent that Mr. Johnson continues to have symptoms of back pain with considerable objective physical findings. These have been unresolved since his initial visit in this

**784**

office prior to his back surgery; they have been present for approximately four years. He is unable to work at this time, and I do not anticipate this condition changing for the better in the future.

Dr. Wagner's deposition was taken on April 9, 1985, thirteen months after the letter was sent to claimant's counsel. The deposition was taken by attorneys for claimant and for his employer. The second injury fund was not represented at the deposition. Neither of the lawyers asked Dr. Wagner to explain his April, 1985 opinion of only permanent partial disability in light of what he said in the letter of March 19, 1984. The ALJ and the commission were entitled to consider both statements and accept the later view of permanent partial disability. Under these circumstances we find the deposition opinion of Dr. Morrow and the deposition opinion of Dr. Wagner on the issue of degree of disability expressed in his deposition maintained a disputed issue of fact for the commission to resolve. Dr. Wagner's testimony was sufficient competent evidence to support a finding that claimant was not permanently and totally disabled by reason of a combination of the injuries sustained in the accident and pre-existing disabilities. The commission so found. Accordingly, we must affirm. Section 287.490.1 RSMo 1978, [now 287.495 RSMo 1986 for claims arising after August 13, 1980]; *McCall v. McCall Amusement, Inc.*, 748 S.W.2d at 828.

We affirm.

CRANDALL, P.J., and REINHARD, J., concur.