Raymond MASSEY, Appellant,

v.

MISSOURI BUTCHER & CAFE
SUPPLY, Respondent,

and

The Treasurer of Missouri, Custodian of
the Second Injury Fund, Respondent.

No. 65755.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 17, 1995.

Carrie Louise Kmoch, St. Louis, Jennifer A. Glancy, Jefferson City, for appellant.

Betsy Levit, St. Louis, for respondent Missouri Butcher & Cafe Supply.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent Treasurer of Missouri, Custodian of Second Injury Fund.

Before SMITH, P.J., and PUDLOWSKI and WHITE, JJ.

WHITE, Judge.

Raymond Massey (claimant) appeals from a decision by the Labor and Industrial Relations Commission (Commission) denying his claim for permanent *total* disability. On appeal, claimant contends the Commission erred in finding he was not totally disabled because the uncontroverted evidence established he was unemployable on the open labor market. We hold the Commission's finding is supported by competent and substantial evidence. Accordingly, we affirm.

Claimant is a mildly retarded thirty-two year old man with a medically diagnosed speech impediment. His reading, writing, and math skills are limited. Claimant did not graduate from high school and, despite two attempts, has not been able to obtain his high school equivalency degree. Claimant suffers from congenital deformities in the fourth finger of each hand. He has flat feet and joints were removed from several toes because of a deformity known as hammertoe. Claimant also suffers from migraine headaches which incapacitate him at times.

Claimant worked for Missouri Butcher and Cafe Supply (employer) as a general heavy laborer. This was claimant's first full time employment. He obtained the job with the assistance of a friend who helped claimant fill out the application. Prior to this position, claimant cut lawns, dug holes, and performed general odd-job labor.

Claimant's duties for employer included cleaning stoves, freezers, and refrigerators. Also, he loaded and unloaded those appliances on and off trucks. Claimant was injured on March 9, 1989 while cleaning a bread machine. A co-employee plugged the machine into an electrical outlet and claimant's right hand was caught between the rollers. Claimant was taken immediately to Barnes Hospital where his hand was X-rayed. The X-ray showed claimant sustained avulsion fractures at the second joint of the index finger and at the distal joint of the long or second finger. Claimant's hand was wrapped in gauze and his arm placed in a sling. No surgery was performed and no cast was applied.

Claimant was off work for thirteen weeks due to the injury. During this period, claimant underwent physical therapy. He was released to work with a lifting restriction of fifty pounds.

Claimant returned to work on June 9, 1989, but quit his job two weeks later on June 27, 1989. Claimant testified he quit because he could not perform his duties. However, the medical records of Irene Walter Johnson Rehabilitation Institute indicate claimant quit because he did not receive a pay raise.

Claimant filed a claim for compensation against employer, its insurer, and the Second Injury Fund. Following the hearing, the administrative law judge (ALJ) of the Division of Workers' Compensation found claimant sustained a thirty-five percent permanent partial disability at the level of the right wrist as a result of the March 9, 1989 injury. The ALJ also found claimant had a preexisting disability of fifty percent of the body as a result of claimant's speech impediment and diminished mental capacity and fifteen percent of the body from head injuries and facial fractures from a previous accident. The ALJ found these disabilities combined to make claimant more disabled than he would be considering each disability separately. However, the ALJ found the overall combination of claimant's disabilities did not rise to the level of permanent and total disability.

Claimant appealed to the Commission which affirmed the award of the ALJ, holding the decision was supported by competent and substantial evidence and was made in accordance with the Missouri Workers' Compensation Act. This appeal followed.

In claimant's sole point on appeal, he contends the Commission erred in determining he was not permanently and totally disabled as a result of the March 9, 1989 injury. Claimant argues his prior disabilities limited

him to doing only manual labor and, thus, when he sustained the injury to his right hand, he was rendered totally disabled.

■ Appellate review of a worker's compensation award is governed by § 287.495 RSMo 1986. The Commission's decision may be set aside only if there is no substantial and competent evidence to support it or if it is clearly contrary to the overwhelming weight of the evidence. *Brown v. Hillhaven Convalescent Center,* 776 S.W.2d 47, 48–49 (Mo.App.S.D.1989). Section 287.020.7 RSMo 1986 defines total disability as an "inability to return to any employment" and not merely an "inability to return to the employment in which the employee was engaged at the time of the accident." To determine if claimant is totally disabled, the central question is whether, in the ordinary course of business, any employer would reasonably be expected to hire claimant in his present physical condition. *Talley v. Runny Meade Estates, Ltd.,* 831 S.W.2d 692, 694 (Mo.App.E.D.1992).

At the hearing, in addition to other evidence, the medical records of the Irene Walter Johnson Rehabilitation Institute (Institute) and the deposition testimony of Dr. Henry Ollinger were admitted into evidence. The Institute's records, prepared by Susan Rhomberg, an occupational therapist and coordinator of the Institute's Work Performance Programs, reflect claimant quit his job with employer because he did not receive a pay raise. The records also indicate Ms. Rhomberg visited claimant's job site after he returned to work following the accident and before he quit. Ms. Rhomberg found employer accommodated claimant at the light duty level and predicted claimant's capacity to work would continue to improve. Additionally, Dr. Ollinger opined claimant had a twelve percent permanent partial disability of the right hand. The Commission found claimant permanently and partially disabled, but not permanently and totally disabled. Claimant contends the finding of no permanent and total disability was against the overwhelming weight of the evidence in light of his own testimony he quit his job because he could not perform the duties required of it and the medical records of Dr. Leroy Young

indicating claimant would never be able to do more than light duty work.

■ The Commission is the sole judge of the credibility of a witness and the weight and value to be given the evidence. *Carron v. Ste. Genevieve School Dist.,* 800 S.W.2d 64, 67 (Mo.App.E.D.1990). The Commission specifically found claimant was able to return to work and quit because he did not receive a pay raise. These findings are supported by the medical records of the Institute, which the Commission found to be very reliable. The Commission also found Dr. Young's records were not reliable and noted several inaccuracies contained in them. Namely, twice in the two months following claimant's resignation from his job with employer, Dr. Young reported "... claimant continues on light duty." Thus, the Commission decided to rely on the Institute's records prepared by Ms. Rhomberg because "they appear to be thorough and her job appears to have been conscientiously performed. Claimant's history appears to have been painstakingly and accurately extracted by Rhomberg."

■ It is well-settled in workers' compensation law when compensation depends on the acceptance of one of two conflicting medical opinions, "the issue is one of fact for determination by the Commission and its finding will not be disturbed unless the Commission acted unreasonably in accepting testimony which was not substantial or decided the issue contrary to the overwhelming weight of the evidence." *Hutchinson v. Tri–State Motor Transit Co.,* 721 S.W.2d 158, 162 (Mo.App.S.D.1986). This court will uphold a finding of the Commission consistent with either of two conflicting medical opinions if supported by competent and substantial evidence upon the record. *Id.*

■ The Commission was not compelled to believe the evidence contained in Dr. Young's records and was at liberty to reject all or any part of it which it did not consider credible and accept as true any adduced contrary evidence. *Id.* Also, the Commission may disbelieve the medical evidence offered by a witness though no contradictory or impeaching evidence is introduced. *Jones v.*

*Jefferson City School Dist.*, 801 S.W.2d 486, 490 (Mo.App.W.D.1990).

Moreover, the Commission did not rely solely on the records of the Institute. The Commission also emphasized in rendering its decision the minimal nature of claimant's injury. Claimant sustained fractures to two fingers on his right hand. Very little medical intervention was required. His hand was wrapped in gauze and his arm was placed in a sling. A cast was not required. Claimant was not hospitalized and no surgery was performed. The Commission found claimant did not become permanently and totally disabled as a result of his finger fractures, even considering his low I.Q., speech impediment and preexisting physical injuries. The Commission's finding claimant was not permanently and totally disabled is supported by substantial and competent evidence and is not against the overwhelming weight of the evidence.

The Labor and Industrial Relations Commission's decision is affirmed.

SMITH, P.J., and PUDLOWSKI, J., concur.