Artie CARTER, Claimant/Appellant,
Cross–Respondent,

v.

FRITO–LAY, Employer/Respondent,
Cross–Appellant.

Nos. 67661, 67662.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1996.

Jerome Lefton, St. Louis, for appellant.

Hinshaw & Culbertson, Margaret A. Hesse and Bryan M. Groh, St. Louis, for respondent.

KAROHL, Judge.

Artie Carter (claimant) appeals an award of the Labor and Industrial Relations Commission (Commission) arising out of an accident that occurred on April 4, 1988. Claimant contends she proved a greater degree of permanent partial disability and temporary total disability than the award. Frito–Lay (employer) cross-appeals contending: (1) the overwhelming weight of the evidence does not support a greater award of permanent partial disability and temporary total disability; (2) claimant did not meet her burden of proving disability; (3) the Commission erred by not rejecting the testimony of claimant. The Second Injury Fund is not involved in this appeal. We affirm.

■ We review the evidence in the light most favorable to the decision of the Commission and uphold the decision if it is supported by competent and substantial evidence on the whole record. *Faubion v. Swift Adhesives Company*, 869 S.W.2d 839, 840 (Mo.App.W.D.1994). Claimant began working for employer in January 1970 or 1971. She worked as a packer. On April 4, 1988,

an employee struck claimant with an iron dolly loaded with empty cardboard boxes. Claimant fell forward, and landed on a concrete floor. She injured her back, legs, shoulders, head and neck. She reported the accident to her "lead lady" who made a report. Subsequently, claimant went to lunch then returned to work. The next day her supervisor reassigned her to a light-duty job. She did not seek medical assistance until several weeks later.

On May 1, 1988, while visiting her relatives in Poplar Bluff, Missouri, she bent over to pick up a can and began experiencing severe pain. She was transported to the hospital and received medical care for the first time after the work-related accident. Dr. Michelle Barnick, the family physician found tenderness and severe pain radiating to her groin and lower extremities. The doctor observed claimant had difficulty walking due to her pain in her lower back and found traumatic degenerative disease. Claimant returned to work on August 1, 1988, but was only able to work a few hours. She stopped working due to the discomfort in her back.

At the hearing, claimant offered the deposition of Dr. Shawn Berkin who rated her injuries as 40 percent permanent partial disability of the whole body. Several doctors testified on behalf of employer—Dr. Robert Kuhlman, Dr. Otakar Machek, and Dr. Richard Schoedinger. All three concluded claimant had degenerative disc disease which predated the incident of April 4, 1988. They also concluded she should lose weight to progress.

The Administrative Law Judge (ALJ) found in favor of the employer and awarded no compensation for the accident. The Commission reversed the decision of the ALJ. It awarded temporary total disability benefits for 15 weeks beginning April 30, 1988, until August 13, 1988, and awarded 10 percent permanent partial disability of the body as a whole.

■ In claimant's sole point, she contends she should have received a greater award of permanent partial disability and temporary total disability benefits. Employer contends

the overwhelming weight of the evidence does not support a greater award.

Dr. Shawn Berkin opined claimant had 40 percent permanent partial disability of the whole body, but 10 percent of the disability was due to claimant's preexisting degenerative arthritis; the remaining 30 percent resulted from the April 4, 1988 injury.

Employer's medical experts found pre-existing degenerative disc disease which did not arise out of the work-related accident. Dr. Kuhlman, an orthopedic surgeon, found no evidence of permanent partial disability arising out of the April 4, 1988 accident. Dr. Machek, a physician, concluded claimant sustained a two and a half to five percent permanent partial disability of the person as a whole due to the accident. Dr. Schoedinger, an orthopedic surgeon, rated her one to three percent permanent partial disability of the lumbar spine due to the April 4, 1988 accident. All three doctors advised claimant to lose weigh to expedite her progress.

■ There was evidence to support an award of permanent partial disability as high as 30 percent and as low as no permanent partial disability. The Commission found 10 percent permanent partial disability with an award of temporary total disability. "It is the exclusive province of the Commission to determine the matters of disability." *Robinson v. Krey Packing Company*, 467 S.W.2d 91, 95 (Mo.App.1971). The degree of disability resulting from an injury and pre-existing conditions are questions of fact resolved by the Commission. *Johnson v. Terre Du Lac, Inc.*, 788 S.W.2d 782, 783 (Mo.App.1990).

■ Employer cross-appeals contending claimant did not meet her burden of proving any disability. Claimant has the burden of proving the accident occurred and it resulted in injury. *Goleman v. MCI Transporters*, 844 S.W.2d 463, 465 (Mo.App.W.D.1992). Claimant must also show disability resulted and the extent of such disability. *Id.*

Claimant testified an employee knocked her down with a dolly which knocked her "crazy" and made her "dizzy". She claims as a result, she injured her back, legs, shoulders, head and neck. Dr. Berkin testified claimant had 40 percent permanent partial

disability in which 30 percent was due to the work-related accident. Dr. Berkin found a protruding disc which he associated with degenerative arthritis. The doctor opined the incident on May 1, 1988 had no effect on the casual relationship to the work-related trauma. We find claimant satisfied her burden she was injured and disabled as a result of the April 4, 1988 accident.

■ Next, employer contends the Commission erred by not rejecting claimant's testimony. Employer places particular emphasis on a surveillance video and its medical experts. The video revealed claimant was "extremely active". For over two hours, she swept and raked leaves in her yard, repeatedly bending at the waist and stretching her arms to pick up leaves. However, the Commission gave little weight to this evidence. We must disregard any evidence that might support a finding different from the Commission. *Johnson v. Terre Du Lac*, 788 S.W.2d at 783.

■ The Commission may disbelieve the medical evidence offered. *See Massey v. Missouri Butcher and Cafe Supply*, 890 S.W.2d 761, 763 (Mo.App.E.D.1995). Our review does not extend to the credibility of witnesses. *Blackwell v. Puritan–Bennett Corp*, 901 S.W.2d 81, 85 (Mo.App.E.D.1995). The Commission is the sole judge of credibility of a witness and has the discretion to weigh and value the evidence given. *Id.* The Commission's decision is supported by the evidence.

We affirm.

REINHARD, P.J., and WHITE, Special Judge, concur.